812 F.2d 136
 55 USLW 2497, 16 Collier Bankr.Cas.2d 492,
7 Fed.R.Serv.3d 237,
Bankr. L. Rep. P 71,718
 In re Richard O. BERTOLI, Debtor in possession.
John E. BERTOLI, Appellant,
v.
Bernard J. D'AVELLA, Jr., Trustee and Cameron F. MacRae,
III, as Trustee for Executive Securities Corporation.
 No. 86-5392.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 18, 1986.
Decided Feb. 26, 1987.
 
 Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for appellant; Robert A. Baime, Bernard Schenkler, George R. Hirsch (argued), on the brief.
 Hannoch Weisman, Roseland, N.J., for Bernard J. D'Avella, Jr., trustee; (Ronald M. Sturtz (argued), of counsel; Mary Ann Collins, on the brief).
 Ravin, Greenberg & Zackin, P.A., Roseland, N.J., for Cameron F. MacRae, III, trustee; Jack M. Zackin and LeBoeuf, Lamb, Leiby & MacRae, New York City, Cameron F. MacRae, III, John S. Kinzey (argued), Lynn A. Dummett, of counsel.
 Before HIGGINBOTHAM and BECKER, Circuit Judges, and DUMBAULD, District Judge*OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This appeal presents two discrete questions in the jurisprudence of interlocutory appeals. First, does a motion to the district court for certification of an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b) suffice to perfect the appeal in the absence of a formally filed notice of appeal? Second, under the 1984 amendments to the bankruptcy code, may a district court hear an interlocutory appeal from the bankruptcy court without certification by the bankruptcy judge? Because we answer both questions in the affirmative, we must also decide whether the district court correctly dismissed the plaintiff-appellant's claims because they were barred by the res judicata effect of a state court judgment. We agree that the claims were barred by res judicata; hence we affirm the district court's judgment.
 
 I.
 
 2
 This appeal has its roots in a tangled adversary proceeding in the bankruptcy court. The plaintiff, John Bertoli (hereinafter Bertoli), sought to recover various interests in the estate of his brother Richard Bertoli (hereinafter Richard), now administered in Chapter 11 by Bernard D'Avella, Jr., as trustee. Bertoli also sought a declaratory judgment invalidating a New Jersey state court's decree that transferred property to Richard's estate from a partnership of which Bertoli was general partner. Cameron MacRae, III, trustee for Executive Securities, a corporation with claims against the estate, intervened as a defendant.
 
 
 3
 D'Avella and MacRae together moved for dismissal of the suit on the grounds that the claims were barred by the res judicata effect of the New Jersey adjudication. The bankruptcy judge denied the motion and refused to certify her decision for interlocutory appeal. Despite this refusal, D'Avella and MacRae took an interlocutory appeal to the district court.
 
 
 4
 Applying the standards that govern interlocutory appeals to this court under 28 U.S.C. Sec. 1292(b), the district court accepted the appeal. Specifically, the district court found: (1) that the appeal presented controlling questions of law on which there were substantial grounds for difference of opinion, and (2) that an immediate appeal from the order would materially advance the ultimate termination of the litigation. On the merits, the district court reversed and entered an order remanding the case to the bankruptcy court for dismissal of all claims.
 
 
 5
 The district court entered its order on March 6, 1986, 58 B.R. 992. Bertoli filed no notice of appeal to this court during the thirty day period following the judgment allowed by Rule 4(a)(1) of the Federal Rules of Appellate Procedure.[1] Instead, on April 4, 1986 (within this thirty day period), Bertoli filed a motion and supporting brief in the district court for certification of an interlocutory appeal to this Court pursuant to 28 U.S.C. Sec. 1292(b). D'Avella and MacRae opposed this motion on the ground that the district court's order of March 6, 1986 was a final disposition of the adversary proceeding and entitled Bertoli to appeal as of right.
 
 
 6
 The district court heard oral argument on April 28, 1986, at which it indicated its agreement that the March 6 order was a final disposition. Bertoli then moved, unopposed, for an extension of time within which to file his appeal in accordance with Appellate Rule 4(a)(5). The district court agreed and signed an order submitted by Bertoli on May 9, 1986 purporting to extend the time to appeal by thirty days. Bertoli filed his notice of appeal on May 29, 1986, within the time provided by the district court's order.[2]
 
 
 7
 Under Rule 4(a)(5), the district court has the authority, on a showing of excusable neglect, to extend the notice of appeal period only to the later of thirty days after the end of the original notice of appeal period or ten days after the district court grants the extension. In this case, thirty days after the original filing deadline was May 7, and ten days after the extension order was May 19. Bertoli's official notice of appeal was therefore filed ten days after the time limitations provided in the rule.
 
 
 8
 Noting that Rule 4(a) has been characterized as both mandatory and jurisdictional, see Browder v. Director, Dept. of Corrections of Ill., 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); United States v. McKnight, 593 F.2d 230, 231 (3d Cir.1979), D'Avella and MacRae have moved to dismiss the appeal. Bertoli rejoins that his Sec. 1292(b) motion within the period provided by Rule 4(a)(1) satisfies the requirements for a notice of appeal under Appellate Rule 3(c). The motions panel referred this issue to us for consideration along with Bertoli's challenge to the district court's judgment.
 
 
 9
 Assuming his appeal is properly before us, Bertoli claims that the district court's decision should be reversed because the district court lacked jurisdiction to entertain an interlocutory appeal without certification by the bankruptcy judge. Bertoli also challenges the merits of the district court's dismissal of his claims based on res judicata.
 
 II.
 
 10
 We first consider whether Bertoli's motion for certification of an interlocutory appeal provided an effective notice of appeal within the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure.
 
 Rule 3(c) provides:
 
 11
 The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 12
 This final sentence was added in 1979. Exactly "[b]ecause ... the notice of appeal has been characterized as jurisdictional," the advisory committee notes to the 1979 amendment stressed, "it is important that the right to appeal not be lost by mistakes of mere form.... [S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." The advisory committee cited with approval Cobb v. Lewis, 488 F.2d 41 (5th Cir.1974), which held a petition for leave to appeal sufficient to constitute a notice of appeal.
 
 
 13
 Even prior to the 1979 amendments, this Court had adopted a substance-oriented approach to notices of appeal. In Frace v. Russell, 341 F.2d 901, 903 (3d Cir.), cert. denied, 382 U.S. 853, 86 S.Ct. 127, 15 L.Ed.2d 101 (1965), we treated a "Brief for Appeal" as a timely notice of appeal. Similarly, in Fitzsimmons v. Yeager, 391 F.2d 849, 853-855 (3d Cir.) (en banc), cert. denied, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968), we held that an application for a certificate of probable cause operated as a timely notice of appeal and stated that we would treat a paper as a notice of appeal "so long as from its nature it evidences an intention to appeal."
 
 
 14
 Bertoli's "Notice of Motion for the Certification of An Interlocutory Appeal Pursuant to 28 U.S.C. Sec. 1292(b)" complies with Rule 3(c). It communicates Bertoli's intention to appeal, and it identifies the judgment to be appealed and the court to which the appeal would be taken. We therefore consider this case properly before us.
 
 III.
 
 15
 We turn to Bertoli's claim that the district court lacked jurisdiction because the bankruptcy judge refused to certify the interlocutory appeal. Under Bankruptcy Rules 8001 and 8003 promulgated in 1983, motions for leave to file an interlocutory appeal are directed entirely at the district court. Bertoli claims, however, that 28 U.S.C. Sec. 158, enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333, 341 (1984), has supplemented this rule. The relevant portions of Sec. 158 provide:
 
 
 16
 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.
 
 
 17
 * * *
 
 
 18
 (c) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.
 
 
 19
 Bertoli claims that the "same manner" stipulation in subsection (c) incorporates the provision in 28 U.S.C. Sec. 1292(b) that interlocutory appeals be certified by the district court and therefore mandates certification by bankruptcy judges for interlocutory appeals to district courts. In support, Bertoli cites two bankruptcy court decisions that have so held and one district court decision that has suggested this view. Connelly v. Shatkin Inv. Corp., 57 B.R. 794, 796 (N.D.Ill.1986); In re United Press Int'l, Inc., 60 B.R. 265, 275 (Bankr. D.D.C.1986); In re Trak Microcomputer Corp., 58 B.R. 708, 713 n. 1 (Bankr. N.D.Ill.1986). In contrast, two district courts have explicitly rejected a certification requirement. First American Bank of N.Y. v. Century Glove, Inc., 64 B.R. 958, 962 (D.Del.1986); In re Huff, 61 B.R. 678, 682 & n. 6 (N.D.Ill.1986).
 
 
 20
 For several reasons, we agree with the district courts that have rejected a certification requirement. Our first reason is the language and structure of Sec. 158. Subsection 158(a) provides explicitly that interlocutory appeals may be had to district courts "with leave of the court." Because this subsection uses the term "court" to refer to district courts and the term "judge" to refer to bankruptcy judges, and because the phrase "the district courts" provides the only relevant antecedent for the words "the court," we conclude that Congress meant leave of the district court. Having specifically addressed which court must grant leave for an interlocutory appeal, Congress did not, we believe, intend to amend this provision with the general statement in Sec. 158(c) that all appeals shall be taken "in the same manner" as civil appeals from district courts to courts of appeals.
 
 
 21
 Second, we note that Bertoli's interpretation of Sec. 158 cuts against the entire thrust of the 1984 amendments. The Supreme Court's decision in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), struck down portions of the bankruptcy code because they violated Article III of the Constitution by delegating too much authority to non-Article III bankruptcy judges. To cure this Constitutional defect, the 1984 amendments generally expanded the district court's authority over bankruptcy judges. Under the 1984 amendments, bankruptcy judges now form an adjunct or subsidiary "unit of the district court." 28 U.S.C. Sec. 151. In a large category of "related" proceedings, district courts must now review de novo the bankruptcy judges' proposed findings of fact. 28 U.S.C. Sec. 157(c)(1). In addition, Sec. 157(d) authorizes the district court to withdraw "in whole or in part" any case referred to a bankruptcy judge "for cause shown."
 
 
 22
 We doubt that Congress wished to grant district courts greater authority over bankruptcy judges generally, including the authority to withdraw cases solely on their own judgment, while restricting district courts' authority over interlocutory appeals. As Congress intended the district court to have authority to withdraw a case "for cause," so we believe Congress intended the district court to be able to review interlocutory orders for such cause as found by the district court here.
 
 
 23
 Additionally, we note that few courts or commentators have read Sec. 158 as suggesting even the possibility that interlocutory appeals require certification by the bankruptcy judge. Our examination of the many decisions in which courts have discussed interlocutory appeals from bankruptcy judges to district courts has revealed no cases suggesting a requirement for certification by bankruptcy judges other than those cited by Bertoli. Courts of appeals, although not faced directly with this question, have typically categorized the authority of a district court to consider an interlocutory appeal as a matter of the district court's discretion. E.g., In re Morse Electric Co., 805 F.2d 262, 264 (7th Cir.1986) (district courts "may elect" to hear interlocutory appeals); In re Ryther, 799 F.2d 1412, 1414 (9th Cir.1986) (district courts "may grant leave" to hear appeals from interlocutory orders). Similarly, the many district court decisions that have discussed the criteria for granting leave to appeal have generally failed to mention even the possibility that certification is required. E.g., In re Gianakas, 56 B.R. 747, 749 (N.D.Ill.1985); In re Hardwicke Co., 56 B.R. 244, 246 (S.D.N.Y.1985); In re Johns-Manville Corp., 47 B.R. 957, 960-61 (S.D.N.Y.1985).
 
 
 24
 The Judicial Conference of the United States also appears to have rejected any contention that Sec. 158 requires certification of an interlocutory appeal by the bankruptcy court. Proposed amendments to rules 8001 and 8003 would conform their wording to the new amendments, but the rules would continue to direct motions for leave to appeal only to the district court. United States Judicial Conference, Report of Proceedings of Judicial Conference of United States 67 (Sept. 18-19, 1986). The conference view conforms with that of the principal commentaries, which have continued to describe leave to file an interlocutory appeal as a judgment solely for the district court. See, e.g., 1 Collier on Bankruptcy Secs. 3.03[c][i], at 3-137, 3.03[b], at 3-150, 3.03[d][i], at 3-159 (15th ed. 1986); 1 Norton Bankr. L. & Prac. Sec. 17.11, at 17-23 (July 1986).
 
 
 25
 Thus, virtually none of the courts or bankruptcy experts that have considered the implications of Sec. 158 have understood it to require certication of interlocutory appeals by bankruptcy courts. We consider the breadth of this authority comforting corroboration that no certification is required, and we so hold.
 
 IV.
 
 26
 Having found both the district court's and our jurisdiction proper, we must reach the merits. We need not discuss them in detail, however, because we essentially agree with the district court that Bertoli's role in the state court litigation as general partner of Rutherford bars relitigation of the same claims. Bertoli has not identified any respects in which the claims he asserted and the interests he pursued as a general partner in the state litigation differ, either as a matter of fact or as a matter of law, from those he asserts and pursues in this litigation. See Restatement (Second) of Judgments (Second) Sec. 60(2)(b) (1982).[3]
 
 
 27
 The order of the district court will be affirmed.
 
 
 
 *
 Honorable Edward Dumbauld, United States District Court for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The thirty day period ended on Saturday, April 5, thus extending the filing period to Monday, April 7. See Fed.R.App.P. 26(a)
 
 
 [2]
 This date was eighty-four days after the entry of the district court's judgment
 
 
 [3]
 The facts underlying this dispute and the state court litigation concern the bankruptcy and apparent fraudulent management of Executive Securities, Inc. and the resulting personal bankruptcy of its chief executive, Richard O. Bertoli. Faced with personal bankruptcy. Richard Bertoli transferred assets to a partnership, Rutherford Construction Corporation, which Richard established with his brother John (here referred to as Bertoli). Bertoli became general partner. In New Jersey state court, MacRae, a trustee for Executive Securities, sued a variety of corporate entities and individuals, including Rutherford and John and Richard Bertoli in both individual and representative capacities to set aside these transfers of property. Bertoli entered into a settlement in his individual capacity which dismissed him from the suit in return, inter alia, for a payment of $20,000. He remained in the suit in his capacity as sole general partner of Rutherford and in his capacity as custodian for Richard's children, who were the limited partners
 After trial, the state court adjudged the transfers fraudulent and appointed a trustee to take over Rutherford's assets. The court also entered an order barring both John and Richard Bertoli from interfering with Rutherford's assets or with the operations of the trustee. The trustee for Rutherford later transferred its assets to D'Avella, trustee for Richard's estate.
 The state court defendants, including Bertoli in his individual capacity, appealed. Bertoli claimed that the trial court's order that he not interfere with Rutherford's assets bound him in his individual capacity and thereby violated due process because of the earlier settlement releasing him from the suit. The New Jersey appellate courts rejected this contention.
 Bertoli does not dispute that his complaint in the bankruptcy court, seeking a declaratory judgment and certain undefined interests, raises the same issues already litigated in the state court. He claims, however, that his actions are not barred by res judicata because he did not litigate in New Jersey in his individual capacity. The district court rejected this claim because it found that Bertoli controlled the state court litigation, and because Bertoli's interest in his individual capacity was identical to his interest as general partner and custodian for the limited partners, the capacities in which he litigated in state court. Because Bertoli possessed both the motivation and the opportunity to press his interests in state court, the district court held it proper to bar him from relitigating the same claims.
 We agree. In addition to our reasoning in the text, we note that Bertoli litigated his due process challenge to the state court proceeding in the New Jersey appellate courts even in his individual capacity. That due process claim is identical to his first claim before the bankruptcy judge and is obviously therefore barred.