

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2008

# Lai v. Highland Park

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2825

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Lai v. Highland Park" (2008). *2008 Decisions.* Paper 1357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2825

KATHARINE LAI,
　　　　　　　Appellant

v.

HIGHLAND PARK BOROUGH;
DIANE REH

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 06-cv-1337
(Honorable Katharine S. Hayden)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

(Filed March 31, 2008)

OPINION OF THE COURT

PER CURIAM.

Appellant Katharine Lai, proceeding pro se, filed a civil rights lawsuit in the

United States District Court for the District of New Jersey on March 21, 2006.  In it, she

alleged that the Borough of Highland Park and the Borough's Housing and Fire Inspector, Diane Reh, discriminated against her based on her gender, national origin, and disability.[1] Specifically, she alleged that the Borough delayed in providing her with new garbage containers despite having provided them to everyone else. Lai also claimed that, on June 8, 2005, she received a Fire Code Violation notice from Reh for water emanating from a light fixture, as well as a Field Correction notice for water-damaged ceiling tiles. Despite Lai's claim that the light fixture had been fixed, she continued to receive Field Correction notices from Reh regarding the damaged tiles. Reh then issued Lai a summons charging her with violating the Borough's property maintenance code, which resulted in Lai being ordered to replace the damaged ceiling tiles and fined $233.00. Lai claimed that these two incidents demonstrated that Appellees illegally discriminated against her based on her gender, national origin and disability.

On September 15, 2006, Appellees moved for judgment on the pleadings, arguing that, even if the Court were to view the complaint in the light most favorable to Lai, it still failed to establish a prima facie case of discrimination pursuant to 42 U.S.C. § 1983. On January 24, 2007, the District Court granted Appellees' motion and dismissed Lai's complaint. Lai timely filed a motion for reconsideration on January 29, 2007, which the District Court denied on March 15, 2007. On April 9, 2007, within the thirty-day appeal period, Lai filed a motion for an extension of time to file an appeal, which Appellees

_____

[1]Lai is Chinese and was born with cerebral palsy.

2

opposed, and which the District Court denied on June 13, 2007. Upon receiving the District Court's order, Lai filed a notice of appeal and paid the filing fees on June 18, 2007.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The appeal will not be dismissed as untimely. Lai's motion for an extension of time to file an appeal was filed within the thirty-day appeal period, and satisfies the literal requirements of Federal Rule of Appellate Procedure 3(c), specifying the name of the party taking the appeal, the order being appealed from, and the name of the court to which the appeal was taken. Accordingly, we construe Lai's motion for an extension of time to file an appeal as a timely-filed notice of appeal. See In re Continental Airlines, 125 F.3d 120, 129 (3d Cir. 1997) ("in the context of Rule 3(c), jurisdiction may be appropriate if a litigant's actions are functionally equivalent to the requirements of Rule 3(c)"); Masquerade Novelty v. Unique Indus., 912 F.2d 663, 665 (3d Cir. 1990) (where contents of documents filed within appeal period contain information required by Rule 3(c), party will be deemed to have complied with the rule and case will not be dismissed for lack of appellate jurisdiction); Dura Sys., Inc. v. Rothbury Investments, Ltd., 886 F.2d 551, 554-55 (3d Cir. 1989) (Consent Order filed within time prescribed to file notice of appeal served as "functional equivalent" of Rule 3(c) requirements); In re Bertoli, 812 F.2d 136, 138 (3d Cir. 1987) (filing of "Notice of Motion for Certification of An Interlocutory

3

Appeal" within thirty-day appeal period sufficient to satisfy Rule 3(c) where the litigant failed to file actual notice of appeal).

Having concluded that we have jurisdiction over this appeal, we will affirm the District Court's entry of judgment on the pleadings in favor of Appellees and denial of Appellant's motion for reconsideration. As the District Court concluded, Lai failed to support her claims of discrimination with anything more than bare and conclusory allegations based on the ethnicity of town officials. This is insufficient to support a claim of discrimination. See Pace Resources, Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1026 (3d Cir. 1987); see also Fisher v. Vassar College, 70 F.3d 1420, 1439 (2d Cir. 1995) (plaintiff's "sense of being discriminated against" insufficient to demonstrate discrimination). We also agree that the District Court properly denied Lai's motion for reconsideration, as Lai failed to show that any of the bases for granting such a motion were applicable. See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998).

Based on the foregoing, we will affirm the judgment of the District Court.