## In re the ORIGINAL WILD WEST FOODS, INC., Debtor.

### Bankruptcy No. 1–83–00296E.

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Dec. 20, 1984.

Adrian M. Overstreet, Jr., Austin, Tex., for debtor.

Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., Helen M. Eversberg, U.S. Atty., W.D. Tex., San Antonio, Tex. by William W. Guild, Cary L. Jennings, Attys., Tax Div., Dept. of Justice, Dallas, Tex., for the U.S.

## MEMORANDUM OPINION AND ORDER

JOSEPH C. ELLIOTT, Bankruptcy Judge.

The Plaintiff, a debtor corporation, brought this action to enjoin the Internal Revenue Service from collecting from one of its officers, directors and part-owners personally a 100% tax penalty for unpaid pre-petition federal withholding and employment taxes. The Court granted a Temporary Restraining Order to prohibit the Internal Revenue Service from selling the homestead of the director which it had seized. The government moved to dissolve the Temporary Restraining Order and dismiss the action on the grounds that (1) the Plaintiff lacks standing to maintain an injunctive action, (2) the Bankruptcy Court lacks subject matter jurisdiction, and (3) there is no basis on which injunctive relief should be granted. The Court consolidated the Motion to Dismiss with the hearing on the merits of the permanent injunction which was held on November 15, 1984.

### Background

The Original Wild West Foods, Inc. ("Wild West") is a debtor corporation in Chapter 11 reorganization. At the time of filing, February 17, 1983, it owed the Internal Revenue Service accrued, but unpaid, federal withholding and unemployment taxes. The Wild West's reorganization plan, confirmed by the Court on December 7, 1983, provided for graduated payments of the Internal Revenue Service's pre-petition tax claim over the statutory six-year period.[1] To date, all payments have been made in accordance with the plan.

Thomas K. Stewart, Jr. ("Stewart") is an officer, director and part-owner of Wild West. Contrary to the representation made by the United States Attorney, the Internal Revenue Service, on August 22, 1983, assessed a "100 percent penalty" against Stewart pursuant to Section 6672 of the Internal Revenue Code of 1954, Title 26, U.S.C. That section provides, in pertinent part, that

"Any person required to collect, truthfully account for, and pay over any tax proposed by this title who willfully fails

---

1. See Exhibit "A", the transcript of the confirmation proceedings wherein the U.S. Attorney representing the Internal Revenue Service not only agreed to the provision of the plan, but also represented that as long as the payments were kept current, there would be no need to pursue personal jeopardy assessments against the principals.

to collect such tax, or truthfully account for and pay over such tax, ... shall, ... be liable to a penalty equal to the total amount of the tax ... not collected, or not accounted for and paid over."

The Internal Revenue Service determined that Stewart, an officer of Wild West, was independently liable under Section 6672 for unpaid income and social security taxes and assessed against him the "100 percent penalty" in the amount of $84,582.00.[2]

As a result, on October 3, 1984, pursuant to Section 6331 of Internal Revenue Code, the Internal Revenue Service levied on Stewart's personal residence. In response, the Debtor filed a motion for a preliminary restraining order and permanent injunction preventing the Internal Revenue Service from foreclosing on the seized homestead alleging that foreclosure would both impair this Court's jurisdiction and irreparably interfere with the reorganization of the debtor corporation. On October 9, 1984, the Court granted the Plaintiff's temporary restraining order. On November 15, 1984, a hearing on the merits was held. At that hearing, the government sought dismissal, claiming that the Plaintiff lacks standing, and that the Bankruptcy Court has neither subject matter jurisdiction nor the power to grant the requested injunctive relief.

### Standing

The unpaid employment taxes which the Internal Revenue Service is seeking to collect are owed by the debtor corporation. The Internal Revenue Service has, despite its representation to the contrary in open court, both assessed a penalty against one of the corporate officers personally and levied upon his homestead for collection. The government contends that since the Section 6672 penalty has been assessed against a party other than the debtor, the Plaintiff has no standing to enjoin the collection of those taxes.

Relying on *Simon v. Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976), the government correctly identifies that the central inquiry in determining standing is "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal court jurisdiction and to justify exercise of the court's remedial power on his behalf." 426 U.S. at 38, 96 S.Ct. at 1924, quoting *Warth v. Seldin,* 422 U.S. 490, 498–499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354 (1975) (emphasis in original). In this instance, the requirement for standing is satisfied. Plaintiff contends that the Internal Revenue Service efforts to collect the penalty from its corporate officer by levying his homestead will severely hamper the officer's ability to reorganize the corporation. The uncontroverted testimony was that Stewart would "throw in the towel" and simply give up his attempts to rehabilitate the debtor if his homestead were seized and sold. The threatening of a "debtor's ability successfully to reorganize itself, ... provide(s) ... a sufficient stake" for the plaintiff to proceed. *In re Jon Co., Inc.,* 30 B.R. 831 (D.Colo.1983). At stake, in both *re Jon* and the present case, is the debtor corporation's ability to reorganize successfully under Chapter 11. The Internal Revenue Service's conduct in this action, in seizing and threatening to foreclose on the individual officer's property, more severely impedes the debtor's reorganization efforts than did the mere assessment of Section 6672 penalty, held to be sufficiently threatening in *re Jon.* The Debtor's interest in protecting its ability to reorganize successfully is sufficient to confer standing to enjoin the Internal Revenue

**2.** Unrelated to the present proceeding is Stewart's personal indebtedness to the Internal Revenue Service for unpaid federal income taxes for 1980. He has entered into an agreement with the Internal Revenue Service allowing payments on an installment basis, but is currently in default. The uncontroverted evidence in the case is that Stewart had made an arrangement to pay off his personal liability by refinancing his homestead; however, the additional personal assessment for corporate taxes which are the subject of the proceeding made the refinancing impossible, thereby rendering him unable to repay his personal liability.

Service from seizing and selling Stewart's homestead.

### Jurisdiction

 The government additionally claims that the Bankruptcy Court is without jurisdiction over an adversary proceeding which involves the property of a person other than the debtor. The government alleges that this Court lacks jurisdiction over disputes between third parties in which the estate of the debtor has no interest. Unlike the present situation, the cases on which the government relies involve conflicts over property after the foreclosure sale has been executed and the Debtor is no longer affected. This Court recognizes the impact that foreclosing on Stewart's property would have on the Debtor and, therefore, the Plaintiff's interest in the property.

That this Court has jurisdiction over this dispute is clear. In *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), the Court held that "the Bankruptcy court has jurisdiction to hear and determine ... any question or legality of an unpaid tax ..." This jurisdictional grant has been held to include the determination of "disputes between third party creditors and the IRS in an appropriate case." *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankruptcy S.D.Cal. 1981). The Court in *re Major Dynamics* went on to qualify as appropriate cases, those situations in which "the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate." *Id.* at 972.

More specifically, Congress has statutorily granted jurisdiction over this Court over situations like the one present here. Section 1471 of Title 28, U.S.C., defines the scope of the jurisdiction of the Bankruptcy Court:

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 *or arising in or related to cases* under title 11.

"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts. (Emphasis added.)"

The subject matter of the complaint is related to a case arising under Title 11 and, therefore, this Court has general jurisdiction.

In particular, the Bankruptcy Code, in Section 505(a)(1), confers on this Court specific jurisdiction to determine the liability of the assessment. Section 505(a)(1) of Title 11 provides that:

"[T]he court may determine the amount of legality of *any tax, any fine or penalty relating to a tax, or any addition to a tax,* whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. (Emphasis added.)"

The jurisdictional grant of Section 505 is not, by its terms, limited to a determination of the tax liability of the debtor. *Major Dynamics, supra,* at 971. *In re Jon Co., Inc.,* 30 B.R. 831 (D.Colo.1983). *In re H & R Ice Co., Inc.,* 24 B.R. 28 (Bankruptcy, W.D.Mo.1982). It was in reliance on Section 505 that the Court in *Major Dynamics* held that the authorization given the Bankruptcy Court to determine taxes was broad enough to encompass the obligations of third parties.

This Court finds that the dispute over the collection of taxes assessed as a penalty against Stewart is of primary importance to this Court as it effects both the debtor corporation and this Court's ability to administer effectively the reorganization of the debtor corporation. Under the broad jurisdiction grant of 1471(a)(b) & (c), Title 28, U.S.C., and Section 505 of the

Code, Title 11, U.S.C., this Court has jurisdiction over this proceeding.

### Injunctive Relief

■ The United States argues that Section 7421 of the Internal Revenue Code of 1954 (Title 26, U.S.C.) is an absolute bar to the granting of Plaintiff's request for injunctive relief. The so-called "Anti-Injunction Statute" provides, with specific exceptions inapplicable here, that

"no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

The principal purpose of the statute is "the protection of the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference ..." *Bob Jones University v. Simon*, 416 U.S. 725, 726, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). In the present controversy, the purpose of Section 7421 directly collides with the thrust and philosophy of the bankruptcy proceedings, on which Plaintiff relies.

■ Plaintiff contends that 11 U.S.C. Section 105(a) which permits a bankruptcy judge to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title," empowers this Court to enjoin the Internal Revenue Service's collection of the penalty. When faced with this direct statutory conflict, the Eighth and Third circuits have split on whether a bankruptcy court can properly enjoin the Internal Revenue Service's collection efforts. See *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), *Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242 (3d Cir.1980).

In resolving the basic question of which policy consideration is paramount, this Court joins the *Bostwick* court, as did the majority of the courts subsequently faced with this controversy, in holding that this Bankruptcy Court has power to enjoin the Internal Revenue Service's efforts. In *Bostwick*, the Court articulated the overriding considerations of the Bankruptcy Code:

"... [W]e do not believe that the 'anti-injunction statute' is relevant to the present case inasmuch as Congress has evidenced an intention to enact a complete scheme represented by the 'anti-injunction' act. We believe that the overriding policy of the Bankruptcy Act is the rehabilitation of the debtor and we are convinced that the Bankruptcy Court must have the power ... to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of the Bankruptcy Act." [3]

And see cases following *Bostwick*, *In re Jon Co., Inc.*, 30 B.R. 831 (D.Colo. 1983), 521 F.2d at 744, *In re H & R Ice Co., Inc.*, 24 B.R. 28 (Bankruptcy W.D.Mo.1982), *In re Otero Mills, Inc.*, 25 B.R. 1018 (D. N.M.1982), *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankruptcy S.D.Calif.1981).

■ The protection afforded a debtor under the Bankruptcy Code, and enforceable by the courts through Section 105, is the "meaningful opportunity to rehabilitate himself." *In re Kleinsasser*, 12 B.R. 452 (Bankruptcy S.D.1981). The Court is empowered to protect the debtor's efforts to reorganize effectively under Chapter 11. A proper consideration for enjoining enforcement of a judgment against third parties is "the likelihood that such enforcement will effect reorganization by detrimentally pressuring the bankrupt." *In re Otero Mills*, 25 B.R. 1018, at 1022.

The case on which the government relies for the proposition that the Anti-Injunction Act prevails, *In re Pressimone*, 39 B.R. 240 (D.N.Y.1984) is clearly distinguishable. *Pressimone* concerned a Chapter 13 debtor's attempt to enjoin the Internal Revenue Service from collecting against the non-

---

**3.** The *Bostwick* case, quoting Section 2(A), was decided under the Bankruptcy Act, which has been supplemented by the Bankruptcy Reform Act of 1978, Pub.Law 95–598 ("Bankruptcy Code") and Amendments of 1984, Pub.Law 98–353. However, the basic policies of the two are unchanged as far as here pertinent.

debtor husband. Unlike the present case, the assessment made was for tax liabilities which he originally and jointly owed. The defendant, at present, has assessed a penalty against another party for taxes originally owed by the debtor corporation, for which the Internal Revenue Service accepted as satisfaction the payment schedule provided under the reorganization plan.

The Internal Revenue Service does allege that the two judicially created exceptions to the Anti-Injunction Act are inapplicable here. The Supreme Court, in *Enochs v. William Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed. 292 (1962), held that a court can enjoin tax collection efforts if the plaintiff can demonstrate irreparable harm and a certainty of success on the merits; and, in *Regan South Carolina v. Regan,* — U.S. —, —, 104 S.Ct. 1107, 1119, 79 L.Ed.2d 372 (1984) (O'Connor, J., concurring), the Supreme Court excepted cases where the plaintiff has no alternative legal means of challenging the tax. If it were necessary to satisfy one of the two above exceptions, the plaintiff would still prevail, as the exception requirements of *Williams Packing* are satisfied. The debtor has demonstrated that reorganization efforts would be impaired if not impossible were Stewart to give up his efforts to rehabilitate the debtor, thereby suffering irreparable injury, and that it has a certainty of success on the merits due both to the equities and interests at stake and the Service's representations on which the Debtor relied. However, it is not necessary to limit the court's jurisdiction to the above exceptions.

■ Bankruptcy courts are courts of equity. The power to enjoin is an inherent feature of the courts' jurisdiction; the appropriation of the injunction is determined by a balancing of the interests involved. See *Continental Illinois National Bank & Trust Co. v. Chicago R.I. & P. Ry. Co.* 294 U.S. 648 at 675, 55 S.Ct. 595 at 605, 79 L.Ed. 1110. Both *H & R Ice Co.* and *re Jon* involve fact situations parallel to the present action. In both cases, the courts held that efforts to assess and collect the

Section 6672 penalties from the corporate officer sufficiently jeopardize the debtor's ability to reorganize effectively. In *Otero Mills,* the Court held that an injunction was warranted as the debtor's ability to reorganize would be impaired even though a reorganization plan had yet to be submitted.

■ In the present case, the Internal Revenue Service's position is much less compelling. The Debtor corporation is currently operating under a confirmed plan of reorganization which proposes to pay the back taxes with interest from the date of assessment. The Internal Revenue Service is statutorily bound to the provisions of the confirmed plan, under 11 U.S.C. Section 1141(a), which it represented to accept, if kept current, *in lieu* of any personal assessment of penalties against the corporate officer. There has been no complaint that timely payments are not being made. There is nothing to indicate an actual or threatened pecuniary loss to the United States. The assessment against the corporate officer, although undoubtedly allowed by the literal language of the Internal Revenue Code, seems, under the circumstances, to be premature. The Service, on the other hand, if allowed to proceed, would impair the ability of the Debtor to reorganize effectively and deprive it of the very protection offered under Chapter 11. The government must respect the confirmed reorganization plan and accept payments as they are therein provided.

The Motion to Dismiss the Plaintiff's Complaint is DENIED. Further, it is ORDERED that the Internal Revenue Service is enjoined from collecting the 100% penalty against Thomas K. Stewart pursuant to 26 U.S.C. Section 6672, and it is FURTHER ORDERED that the assessment filed against Stewart be ordered lifted. All costs in this matter are assessed against the Internal Revenue Service.