**In re HERBIE K'S, INC., Debtor.**

**HERBIE K'S, INC., Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE STATE OF LOUISIANA, Through OFFICE OF EMPLOYMENT SECURITY, Defendants.**

**Bankruptcy No. 584–00202–A.
Adv. No. 585–0068.**

United States Bankruptcy Court,
W.D. Louisiana,
Alexandria Division.

Dec. 18, 1985.

H. Gregory Walker, Jr., Timble, Percy, Smith, Wilson, Foote, Walker & Honeycutt, Alexandria, La., for debtor.

Joseph S. Cage, Jr., U.S. Atty., Leven H. Harris, Asst. U.S. Atty., Paul E. Pelletier, Tax Div., Dept. of Justice, for I.R.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEROY SMALLENBERGER, Bankruptcy Judge.

Herbie K's, Inc., filed a Chapter 11 petition in bankruptcy, on March 16, 1984. Prior to this, the corporation had failed to pay over to the Internal Revenue Service (IRS) taxes withheld from its employee's wages. As a result, the IRS has issued a final notice dated July 31, 1985 advising John H. Smith, Marshall J. Paige and Vickie Smith Paige that a 100% penalty had been assessed against each of them as responsible corporate officers of the debtor corporation. John H. Smith is the principal director of the corporation, Vickie Smith Paige is his daughter and Marshall J. Paige is John H. Smith's son-in-law. The IRS also advised these corporate officers that if the penalties were not paid, the IRS would seize all wages, bank accounts, or other income as well as all property, assets and real estate of these individuals. Upon application of the debtor-corporation, this Court, on August 13, 1985, issued a Temporary Restraining Order precluding any action by the IRS until this Court could determine the validity of the issues involved and the effect of the IRS's actions on the debtor-corporation.

The debtor-corporation has complied with all the provisions of its Plan of Reorganization. Further, the IRS has filed a Proof of Claim and is actively participating in litigation before this Court concerning the validity and extent of its claims against the debtor-corporation.

The IRS has invoked the provisions of section 6672 of the Internal Revenue Code, which allows for the collection of the taxes due from the "assessed responsible person," who should have but did not pay the taxes. IRS memorandum page 3. This penalty is a separate and distinct tax liability, based upon the fact that a corporation and its responsible officers are separate entities. *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) *Howard v. United States,* 711 F.2d 729 (5th Cir.1983).

Thus, the issue presented is whether this Court can enjoin the IRS from proceeding against responsible employees and officers of a debtor-corporation when these individuals are not in bankruptcy, but the IRS's actions would genuinely hamper or destroy the efforts of this small, closely held corporation to reorganize.

This issue has been raging in the Federal Courts for some time. The Courts and the commentators are drawn up in two camps. One holds that responsible officers of a corporate debtor lack standing to seek an injunction in bankruptcy court. *In Re Arrow Transfer & Storage Co., In Re Dris-*

*coll's Towing Service, Inc.*, No. 85–6090 (S.D.Fla. July 24, 1985), *Dynamic Maintenance Service, Inc.*, No. 81–C–6640 (N.D. Ill. March 5, 1982), *United States v. Rayson Sports, Inc.*, 44 B.R. 280, 54 A.F.T.R. 2d 84–6434 (N.D.Ill.1984). The opposing cases reason that corporations, especially small closely held "family corporations", are directly, if not mortally, aggrieved by any proceeding against the corporate officers since such proceeding will hamper or destroy the reorganization effort. *In Re Jon Co., Inc.*, 30 B.R. 831 (Bkrtcy N.D. Colo.1983); *In Re O.H. Lewis Co., Inc.*, 40 B.R. 531 (Bkrptcy N.H.1984) *In Re Datair Systems Corp.*, 37 B.R. 690 (Bkrptcy N.D. Ill.1983); *In Re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bkrtcy W.D.Tex.1984). I believe that this split is the result of the irreconcilable clash between two very fundamental and important policies, namely, the desire to give the debtor the meaningful opportunity to rehabilitate under the bankruptcy laws vs the corporate officers obligation to account for and be responsible for employment taxes. *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), *Matter of Becker's Motor Transportation*, 632 F.2d 242 (3d Cir.1980).

An analysis of the Bankruptcy Code, case law and the commentators leads this Court to the following conclusions: 1) this Court has jurisdiction over this adversary proceeding under section 1471 of Title 28 U.S.C. and section 505(a)(1) of the Bankruptcy Code, 2) the debtor-corporation has standing to invoke jurisdiction and litigate these issues before this court, 3) although his court has jurisdiction and the plaintiff has standing, the court believes that the relief sought in this adversary proceeding is barred by 26 U.S.C. section 7421(a).

### 1) Jurisdiction

Section 1471 of 28 U.S.C. defines the jurisdiction of the Bankruptcy Court. In particular subsection (b) provides:

Not withstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district court, shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 *or arising in or related to* cases under title 11.

This jurisdictional grant has been found to include disputes between third parties and the IRS. *In Re Major Dynamics, Inc.*, 14 B.R. 969 (Bkrtcy.S.D.Cal.1981), *Bostwick*, supra, *In Re Original Wild West Foods*, supra. Jurisdiction is necessary to determine the effect of the IRS's actions and ensure the orderly rehabilitation of the debtor-corporation. In accordance with this finding, is section 505 of the Bankruptcy Code subsection (a)(1) states:

The Court may determine the amount or legality of any tax, any fine, or penalty relating to a tax, or any addition to a tax . . .

### 2) Standing

The IRS argues that the debtor-corporation lacks standing to attack the tax liability of the responsible persons as provided under section 6672 of the Internal Revenue Code. This argument is based primarily on the fact that the Internal Revenue Code and jurisprudence interpreting the Code provide that section 6672 tax liability (as a penalty) is a separate and distinct liability from that imposed on the corporation itself. *Howard v. United States*, 711 F.2d 729 (5th Cir.1983) *Simon*, supra. This is based upon the belief that "whether the bankrupt will be injured by the collection of the principals' own tax liability is immaterial". *Driscoll's Towing Service, Inc.*, supra, page 4. The standing issue, as articulated by the Supreme Court, indicates to this Court that the issue is whether "the plaintiff has alleged such as personal stake in the outcome as to warrant his invocation of Federal Court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). In the case at bar, like *In Re Jon* and *In Re Original Wild West Food, Inc.*, when the practical ability of the debtor-corporation to reorganize is threatened the debtor-corporation has standing to bring the issue to the Bankruptcy Court. When, as here, the IRS's actions will take the

corporate officer's, homes and property and garnish their wages, the debtor-corporation has a sufficient stake to raise these issues before this Court.

### 3) The Anti-Injunction Act

At this point, the Court must part ways with the *Bostwick—In Re Original Wild West Foods, Inc.* line of cases. The IRS argues that through 26 U.S.C. § 7421(a), (the Anti-Injunction Act) Congress has expressly precluded injunction suits such as the present one. The Court agrees. The section provides that except for certain enumerated cases:

> No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person whether or not such a person is the person against whom such tax was assessed.

Clearly, the intent of Congress was to provide a quick mechanism for the collection of taxes. While policy considerations are paramount, this section indicates to this Court that Congress has indicated that the bankruptcy laws must yield to the collection of taxes. There is no bankruptcy exception to the Anti-Injunction Act. When Congress intends this Court to determine the validity and procedure in tax matters it has expressly acted, see for example, 11 U.S.C. § 505(a)(1).

The Court also disagrees with the plaintiff that the case meets the two part test of the judicially created exception to the Anti-Injunction Act. That test, as articulated in *Enochs v. Williams Packing & Navigation Co., Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), provides that a court can enjoin tax assessment and collection efforts if the plaintiff can demonstrate irreparable harm and a certainty of success on the merits. As part of this analysis, the Court notes the repeated admonition of the Supreme Court that the Anti-Injunction Act must be read and interpreted very strictly. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

As already discussed, the debtor-corporation will suffer severe, if not irreparable, harm if the IRS is not enjoined. Thus, the first part of the test is met. The second requirement, however, is not. Neither the debtor-corporation or the responsible officers have challenged the validity of the IRS's claim. The Court believes that sufficient facts exist to make it very favorable that the government will prevail; indeed, the debtor-corporation and the corporate officers only question the amount of the IRS's claims and not their validity. Thus, the second prong of the test is not met; the Court cannot find that, "under the most liberal view of the law and the facts, the United States cannot establish its claim", *Williams Packing*, supra, 370 U.S. at 7, 82 S.Ct. at 1129. Accordingly,

IT IS ORDERED that the Motion to Dismiss the Plaintiff's Complaint filed by the IRS is granted, but only as to the IRS.