In re DAVIDSON'S OF PIKEVILLE, INC., Debtor.

DAVIDSON'S OF PIKEVILLE, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 91–00323.
Adv. No. 91–7175.

United States Bankruptcy Court,
E.D. Kentucky,
Pikeville Division.

May 22, 1992.

**790**

Bruce D. Atherton, Louisville, Ky., for debtor.

David E. Middleton, Asst. U.S. Atty., Lexington, Ky., Stuart M. Fischbein, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. The plaintiff has filed a response. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

This matter was initiated by the filing of the plaintiff's Complaint on December 3, 1991. Therein the plaintiff sought the issuance of a preliminary and permanent injunction against the defendant, prohibiting collection efforts or the institution of a tax levy against the plaintiff's officers, namely Franklin and Yvonne Davidson ("the Davidsons"). A Motion for Preliminary Injunction was filed on the same day. The defendant filed its Motion to Dismiss, or in the Alternative, for Summary Judgment on December 16, 1991. The matter now stands submitted for decision by the Court.

The issue to be decided herein is whether this Court may enjoin the defendant from collecting the 26 U.S.C. § 6672 liability of non-debtor corporate officers. The defendant contends that the Court may not because it lacks subject matter jurisdiction over the Davidsons' section 6672 liability and because the Anti–Injunction Act, 26 U.S.C. § 7421, prohibits injunctive relief. The defendant bases its argument concerning subject matter jurisdiction on the fact that § 6672 imposes liability on responsible persons that is separate and apart from corporate liability for withholding taxes. Therefore since, as the debtor contends, the responsible persons in this matter are the Davidsons and not the debtor, this Court does not have subject matter jurisdiction.

The defendant cites a number of cases in support of its position concerning subject matter jurisdiction. However, the bankruptcy court's subject matter jurisdiction has been upheld in at least one jurisdiction. In *In re John Renton Young, Ltd.*, 87 B.R. 635, 636 (Bkrtcy.D.Nev.1988), the court held that it had subject matter jurisdiction to hear a Chapter 11 debtor's motion which sought to enjoin the Internal Revenue Service from assessing a 100% penalty against the debtor's nondebtor president for failure to collect and pay over withholding taxes where a clear connection existed between the financial wherewithal of the president and the debtor's prospective ability to reorganize. This is, of course, exactly the position of the debtor herein.

This Court, however, would tend to agree with the court in *Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir.1987), which stated:

While the government makes two jurisdictional arguments, i.e., that LaSalle lacks standing and that the bankruptcy court possesses no positive grant of jurisdiction to enter orders protecting the debtor's principals, the Anti–Injunction statute itself 'withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes.' (Citation omitted) Thus, while we ordinarily must resolve questions of jurisdiction before proceeding to discuss other issues, we are here presented with three alternative jurisdictional questions. We address only the question involving the Anti–Injunction Act because it is relatively straightforward, avoids deciding a constitutional question (Article III standing), and provides the narrowest ground for decision. We realize one of our sister circuits has decided the question of

whether the Bankruptcy Code would provide jurisdiction if the Anti–Injunction statute were no bar. *See United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986). However, at least as the government reads *Huckabee* and other cases relied upon by the government, such a ground could have far-reaching consequences. The government essentially contends that the bankruptcy court never has the power to issue orders enjoining actions against corporate principals, even though those actions pose a danger to corporate reorganization. We have sufficient doubts about this broad question, including possibly unforseen and untoward consequences it could have for bankruptcy administration, that we prefer to rest our decision on the Anti–Injunction Act.

Footnote 6 at page 392. This Court will rest its decision on the Anti–Injunction Act as well.

■ As the defendant effectively demonstrates, the Anti–Injunction Act prohibits the injunctive relief sought by the debtor. The multitude of cases cited by the defendant hold that the Act prevents bankruptcy courts from enjoining collection of the § 6672 liabilities of nondebtor responsible persons. As succinctly stated by the court in *A to Z Welding & Mfg. Co., Inc. v. United States*, 803 F.2d 932, 933 (8th Cir. 1986), "... this case involves an attempt to prohibit the IRS from collecting a tax against officers and shareholders in their personal capacity. The anti-injunction act prohibits such a suit." The plaintiff urges this Court to "exercise its powers under § 105 of the Bankruptcy Code". The language of *In re American Bicycle Ass'n*, 895 F.2d 1277 (9th Cir.1990), effectively disposes of that argument:

Section 105(a) authorizes a bankruptcy court to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.' ... All encompassing as this statute seems to be, however, it does not provide specific authorization empowering a bankruptcy court to enjoin collection of the 100% penalty. On the other hand, the text of the Anti–Injunction Act is specific and unequivocal. We hold

that its proscription is not overridden by the general grant of authority provided in section 105(a) of the Bankruptcy Code. At page 1280.

The cases cited by the plaintiff are older cases which now represent the minority position. In addition, some do not deal with the specific question of the effect of the Anti–Injunction Act, i.e., *In re Johns–Manville Corp.*, 66 B.R. 517 (Bkrtcy. S.C.N.Y.1986); *In re Baldwin–United Corp.*, 57 B.R. 759 (Bkrtcy.S.D.Ohio 1985); and *In re Jones*, 38 B.R. 690 (D.C.Ohio 1983). In one of the cases which does deal with the Anti–Injunction Act, *In re The Original Wild West Foods, Inc.*, 45 B.R. 202 (Bkrtcy.W.D.Tex.1984), the facts are so different as to set it apart from this matter. There the debtor corporation was operating under a confirmed reorganization plan which the Internal Revenue Service represented to accept, if kept current, in lieu of any personal assessment of penalties against the corporate officer. *Id.*, at page 208.

In conclusion, therefore, based on all of the foregoing, it is the opinion of this Court that the defendant has carried forward its burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The defendant's Motion for Summary Judgment will therefore be sustained. A judgment in conformity with this opinion will be entered separately.