**In the Matter of RAY STEVENS PAVING CO., INC., Debtor.**

**RAY STEVENS PAVING CO., INC.; and Richard M. Stevens, Plaintiffs/Appellants,**

**v.**

**UNITED STATES of America, Defendant/Appellee.**

**No. CIV 92–675 PHX SMM.
Bankruptcy No. B–91–7573–PHX–RGM.
Adv. No. 92–20.**

United States District Court, D. Arizona.

May 29, 1992.

---

Linda Ann Akers, U.S. Atty. Office, Phoenix, Ariz., Bernard J. Knight, Jr., U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, D.C., for appellant.

Dean William O'Connor, Lerch Schaffer Mack & Henry, Phoenix, Ariz., for appellee.

## MEMORANDUM AND ORDER

McNAMEE, District Judge.

The United States has appealed an order of the Bankruptcy Court granting Appellees Ray Stevens Paving Company (RSP) and Richard M. Stevens a preliminary injunction against the Internal Revenue Service (IRS). The Bankruptcy Court enjoined the IRS from assessing a 100% penalty against Richard Stevens pursuant to 26 U.S.C. section 6672. The IRS contends the Anti–Injunction Act, 26 U.S.C. section 7421, bars the Bankruptcy Court from enjoining the assessment and collection of the penalty in this case. In addition, the IRS contends the Bankruptcy Court lacked a positive grant of jurisdiction to enjoin an assessment against Richard Stevens, a nondebtor corporate officer.

On May 29, 1992, the day set for oral argument, RSP and Stevens filed a motion to dismiss the appeal as moot. In the motion, RSP and Stevens informed the Court of the IRS' application of a refund from previous years' tax payments to the tax debt at issue in this case. Because the tax debt of RSP now indisputably has been paid, the IRS cannot impose a 100% assessment against Stevens. Therefore, the injunction order is moot, and the Court will vacate the order and dismiss the appeal on that basis. However, because the Court is concerned about the Bankruptcy Court's jurisdiction to issue the order, the Court finds it appropriate to comment on the jurisdictional issue.

## BACKGROUND

The facts of this case essentially are undisputed. RSP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 28, 1991. RSP has not filed a plan of reorganization with the Bankruptcy Court; consequently, the Bankruptcy Court has not approved a plan.

26 U.S.C. sections 3102(a) and 3402(a) require employers to withhold employees' personal income and social security taxes from their paychecks.[1] Prior to its Chapter 11 filing, RSP failed to pay the its employment tax obligations for the last quarter of 1990 and the first quarter of 1991 in a timely manner. The IRS served RSP with a Final Notice of Intent to Levy on May 30, 1991. According to the Notice, the following amounts were due:

---

1. Under 26 U.S.C. section 7501(a), such funds are held in trust for the United States. Under 26 U.S.C. section 6672, if an employer fails to pay the trust fund taxes, the United States may collect an equivalent sum directly from the officers or employees responsible for collecting the tax.

| Tax Period | Tax Balance | Accumulated Interest and Penalty | Total Due |
|---|---|---|---|
| 12–31–90 | $46,493.12 | $21,977.96 | $68,471.08 |
| 03–31–91 | $10,797.07 | $14,760.72 | $25,557.79 |
| Total Amounts Due | $57,290.19 | $36,738.68 | $94,028.87 |

On June 21, 1991, RSP made a pre-petition payment to the IRS in the amount of $57,290.19. RSP intended the payment to be applied to only to the tax balances for the tax periods ending December 31, 1990 and March 31, 1991. Instead, the IRS applied the payment first to tax and accumulated interest and penalties for the period ending March 31, 1991, then to accumulated interest and penalties for the period ending December 31, 1990, and finally to the tax balance for the period ending December 31, 1990. The IRS' application of the payment resulted in an unpaid trust fund tax liability for the last quarter of 1990.

As a result, the IRS intended to impose a 100% assessment against Richard Stevens, the president of RSP and the person responsible for withholding employees' taxes. Stevens filed a formal protest of the proposed assessment with the IRS.

On January 9, 1992, RSP and Stevens filed an adversary complaint in the Bankruptcy Court. RSP and Stevens sought a determination of the IRS' claim against RSP and injunctive relief preventing the IRS from assessing the 100% penalty against Stevens or proceeding with Stevens' administrative appeal of the proposed assessment until the Bankruptcy Court makes a determination of the IRS' claims against RSP.

The Bankruptcy Court conducted an accelerated hearing on the application for injunctive relief on January 10, 1992. After ordering additional briefing and taking the matter under advisement, the Bankruptcy Court granted an injunction preventing the IRS from proceeding to impose or assess the 100% penalty against Stevens.

In reaching its decision, the Bankruptcy Court held *In re Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), effectively superseded the Ninth Circuit's holding in *In re American Bicycle Association*, 895 F.2d 1277 (9th Cir.1990). In addition, the Bankruptcy Court concluded *American Bicycle* "is distinguishable from the facts in this case." Based on those conclusions, the Bankruptcy Court held the Anti–Injunction Act did not apply in this case. The Bankruptcy Court further found the facts of this case justified application of the "equitable exception" to the Anti–Injunction Act. Finally, the Bankruptcy Court found RSP and Stevens established the necessary elements for the issuance of a preliminary injunction.

### DISCUSSION

The Anti–Injunction Act, 26 U.S.C. section 7421, states:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b),[2] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Thus, absent an exception, no court has jurisdiction to entertain an action for injunctive relief against the assessment or collection of a tax by the IRS.

**2.** Only one of the statutory exceptions to the Anti–Injunction Act has any bearing on this case. 26 U.S.C. section 6672(b) allows a person responsible for the collection of taxes to seek an injunction against an assessment if the person fulfills certain conditions. RSP and Stevens have not fulfilled the conditions of section 6672(b).

### A. Effect of the Bankruptcy Code on the Anti–Injunction Act

In *In re American Bicycle Association*, 895 F.2d 1277 (9th Cir.1990), the Court of Appeals for the Ninth Circuit held the Bankruptcy Code does not override or otherwise create an exception to the Anti–Injunction Act, and does not give a bankruptcy court the power to enjoin the IRS from collecting a 100% penalty from the responsible officer of a debtor corporation. *Id.* at 1279–80.

The Bankruptcy Court held *In re Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), effectively overruled *American Bicycle*. *Energy Resources*, however, did not involve the issue of injunctive relief. The Court in *Energy Resources* held a bankruptcy court has the power to "order the IRS to apply tax payments to offset trust fund obligations" if it concludes such an order is necessary to the success of a debtor's reorganization. *Id.* at 551, 110 S.Ct. at 2143. The Court concluded granting the bankruptcy court such power would not "prevent the Government from collecting trust fund revenue; to the contrary, the [bankruptcy court's] orders require the Government to collect trust fund payments before collecting non-trust-fund payments." *Id.* at 550, 110 S.Ct. at 2142. Based on that finding, the Court held the orders did not contravene section 6672. *Id.* at 550–51, 110 S.Ct. at 2142–43. The Court's finding that the bankruptcy court's orders were consistent with the Internal Revenue Code does not justify the bankruptcy court's holding that the Bankruptcy Code overrides the Anti–Injunction Act.[3] Indeed, the Court's finding of consistency suggests the Bankruptcy Code does not override the Internal Revenue Code.

■ Based on the foregoing, the Court finds the Bankruptcy Code does not override or create an exception to the Anti–

Injunction Act. Therefore, this Court remains bound by *American Bicycle*. However, this holding does not mean a debtor cannot seek an injunction in the context of a bankruptcy proceeding. Instead of relying on the Bankruptcy Code, however, a debtor must establish a right to proceed under the judicial exception to the Anti–Injunction Act.

### B. Judicial Exception to the Anti–Injunction Act

In *Elias v. Connett*, 908 F.2d 521 (9th Cir.1990), the Ninth Circuit noted the existence of "several statutory exceptions and one judicial exception to the Act." *Id.* at 523. "Once a taxpayer satisfies one of the exceptions to the Act, he is no longer jurisdictionally barred from seeking an injunction.... The taxpayer, however, must, in addition to satisfying an exception to the Act, also allege sufficient grounds to warrant equitable relief." *Id.* Because none of the statutory exceptions applies, the only available jurisdictional basis for the Bankruptcy Court's decision is the judicial exception.

■ Before a taxpayer will be entitled to assert jurisdiction under the judicial exception, the taxpayer must demonstrate two elements: (1) "under no circumstances can the government ultimately prevail on the merits," and (2) "the taxpayer will suffer irreparable injury without injunctive relief." *Id.* at 525. "The government need only have a good faith basis for its claim in order to obtain a dismissal." *Id.*

In this case, the Bankruptcy Court did not rely on the judicial exception. In addition, although the Bankruptcy Court found RSP and Stevens had shown a likelihood of success on the merits, the Bankruptcy Court's findings were not equivalent to a finding that the government could not prevail on the merits under any circumstances.

---

**3.** In this case, the Bankruptcy Court found "the Supreme Court's decision was tantamount to granting injunctive relief precluding the collection of taxes from a non-debtor principal in the Chapter 11 case." The Court's holding, however, gave the bankruptcy court the power to preclude the IRS from acting in a manner that would create liability on the part of a non-

debtor principal. In *Energy Resources*, the tax payments had not been made. The bankruptcy court's order directed the IRS to apply the payments made under the debtor's reorganization plan to trust fund taxes. Thus, rather than enjoining collection, the bankruptcy court's order structured the payments in a manner that avoided liability to the debtor's principal.

Therefore, the Bankruptcy Court's findings are not adequate to support an assertion of jurisdiction under the judicial exception.[4]

■ The Bankruptcy Court relied on an "Equitable Exception" to the Anti–Injunction Act. Order Granting Motion for Preliminary Injunction at 4–5. However, no such exception exists under *Elias*. In *Elias*, the court considered the issue of whether the taxpayer had established his right to equitable relief, but the court already had concluded the district court lacked jurisdiction to grant equitable relief. *See id.* at 526–27. The Ninth Circuit's discussion of the merits did not create a new exception, and thus did not create a new basis for jurisdiction.

In light of the inadequacy of the findings regarding the Bankruptcy Court's jurisdiction, this Court would have remanded the action to give the Bankruptcy Court the opportunity to consider whether the judicial exception to the Anti–Injunction Act applies. However, because the injunction is moot, this Court instead will vacate the injunction and dismiss the appeal.

CONCLUSION

IT IS ORDERED vacating the Bankruptcy Court's order granting the motion for preliminary injunction dated March 5, 1992, and dismissing this appeal as moot.

---

4. Although this Court has serious doubts about the government's prospects for success in light of RSP's power to elect how to apply pre-petition tax payments and the fact that RSP's pre-petition payment exactly matched the amount of the trust-fund-tax balances for the given time periods, this Court will not engage on an independent fact-finding expedition.