### In re LAMINATING, INC., Debtor.

### Bankruptcy No. 91–44894–H5–11.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 17, 1992.

Arne M. Ray, Ray & Associates, Houston, TX, for plaintiffs.

Patrick J. Dyer, Wilshire, Scott & Dyer, Houston, TX, for defendant.

Karen R. Emmott, Houston, TX, for debtor In re Laminating, Inc.

Danna Kay Archer, Archer & Associates, Houston, TX, for debtors In re Jesse L. Howell, Deborah A. Howell.

## MEMORANDUM OPINION AND ORDER DENYING CONFIRMATION

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is the Objection of the Internal Revenue Service ("IRS") to the Confirmation of Debtor Laminating, Inc.'s ("debtor") First Amended Plan of Liquidation ("plan"). The IRS complains that the proposed plan interferes with the right and duty of the IRS to collect trust fund taxes owed by debtor.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and under the general order of reference of the district court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

After reviewing the pleadings, supporting documents, and the evidence presented at the confirmation hearing, this Court DENIES confirmation of debtor's plan as presented.

I. Facts and Background Information

Under 26 U.S.C. §§ 3102, 3402, and 3403, an employer must deduct federal income taxes and FICA taxes from each employee's salary. These withheld amounts are referred to as "trust fund taxes" and are to be paid over to the government on a quarterly basis. 26 U.S.C. § 7501. Failure to pay over the trust fund taxes imposes personal liability for the full amount of unpaid taxes on certain responsible persons pursuant to 26 U.S.C. § 6672.

Complying with federal tax law, debtor, while in operation, withheld federal income and FICA taxes from the paychecks of its employees. Debtor failed to remit more than $69,000 of these collected taxes to the IRS during various quarterly payment periods in the years 1986–1989. Under 26 U.S.C. § 7501, the unpaid taxes are held in trust for the federal government. Mr. Everette Brady is both the president and 100% shareholder of debtor, and qualifies as a responsible person for purposes of the personal penalty 26 U.S.C. § 6672 imposes.

On June 14, 1991, debtor filed a voluntary petition in bankruptcy under Chapter

11 of the United States Bankruptcy Code. Debtor presented its First Amended Plan of Liquidation on June 27, 1992. The IRS filed its Objection to Confirmation of the Plan on August 13, 1992, claiming that the proposed plan impairs the right and ability of the IRS to collect the unpaid trust fund taxes, penalties and interest:

(1) by wrongfully allocating tax payments made under the plan to first retire the trust fund taxes, and allowing the payments to be applied to reduce the accrued interest and penalties only *after* the trust fund portion is paid-off; and,

(2) by violating 26 U.S.C. § 7421(a) and enjoining the IRS from pursuing non-debtor Everette Brady for payment of trust fund taxes as the IRS is authorized to do by 26 U.S.C. § 6672.

## II. Discussion

### A. Allocation of Tax Payments

■ In dispute is the proper interpretation and application of *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). *Energy Resources* is a consolidation of two First Circuit Chapter 11 reorganization cases. The Supreme Court upheld orders issued by the bankruptcy courts directing the IRS to first apply debtor's tax payments to reduce the trust fund liability before applying the payments to non-trust funds taxes owed by the debtor. The Court ruled that:

*[W]hether or not* the payments at issue are rightfully considered to be involuntary, the bankruptcy court has the authority to order the IRS to apply the payments to trust fund liabilities if the bankruptcy court determines that this designation is necessary to the success of a reorganization plan.

*Id.* at 548–49, 110 S.Ct. at 2141–42 (emphasis added). The Court based its ruling on the broad equitable authority granted to the bankruptcy courts under 11 U.S.C. §§ 105, 1123 and 1129. *Id.* at 549, 110 S.Ct. at 2142.

In the present case, the IRS argues that the holding in *Energy Resources* should not be extended beyond the context of a Chapter 11 reorganization. Debtor, however, argues that the *Energy Resources* opinion is a recognition of the broad powers available to the bankruptcy court in all cases, not just Chapter 11 reorganization proceedings.

The majority of cases that have addressed the trust fund issue since the *Energy Resources* opinion was handed down have confined *Energy Resources'* scope to Chapter 11 reorganizations only. *See In re Kare Kemical, Inc.*, 935 F.2d 243, 244 (11th Cir.1991) (*Energy Resources* applicable to Chapter 11 reorganizations only); *In re Jehan–Das, Inc.*, 925 F.2d 237, 238 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991) (Chapter 11 liquidation tax payments cannot be allocated first to trust funds taxes); *In re Equipment Fabricators, Inc.*, 127 B.R. 854, 858 (D.Ariz.1991) (*Energy Resources* is not applicable to a Chapter 11 liquidation); *In re Visiting Nurse Ass'n.*, 128 B.R. 835, 837 (Bankr.M.D.Fla.1991) (*Energy Resources* is not applicable to a Chapter 11 liquidation because allocation of the tax payments is never necessary to effectuate the liquidation plan). *But see In re Deer Park, Inc.*, 136 B.R. 815, 818–19 (9th Cir.BAP 1992) (ruling that a Chapter 11 liquidation is merely a *type of* reorganization so that allocation may be necessary to effectuate a liquidation plan, depending on the facts of each case). In rejecting *Energy Resources* outside the context of a Chapter 11 reorganization, the cases note that the Supreme Court emphasized using allocation of payments as a tool to aid in rehabilitating a debtor, a rationale that is not present in liquidation proceedings. *See United States v. Pepperman*, 976 F.2d 123, 129–130 (3rd Cir.1992); *Kare Kemical*, 935 F.2d at 244–45; *In re Peter DelGrande Corp.*, 138 B.R. 458, 463–64 (Bankr.D.N.J.1992).

This Court does not have to decide today whether debtor's advocated broad reading of *Energy Resources* may sometimes be appropriate. Even if this Court extended the scope of *Energy Resources* to encompass Chapter 11 liquidation cases, there has been no showing in the present case that allocating the tax payments to first retire

debtor's trust fund tax liability is necessary to effectuate debtor's liquidation plan.

After reviewing the facts, it appears that the only party to benefit from a designation of the tax payments would be Everette Brady, president and sole stockholder of debtor. Testimony at the confirmation hearing was to the effect that debtor is expected to sell for approximately $100,000; all of this money will be paid over to the IRS in partial payment of the $255,000 in taxes, interest and penalties owed by debtor. The remaining creditors expect to recover nothing.

Even without a plan provision designating application of tax payments, the IRS clearly will incur a heavy loss regarding the taxes, interest and penalties due and owing from the debtor. Confirming a plan that designates payments first be applied to the trust fund taxes simply accentuates the loss of the IRS.

Because the provisions in the plan serve only to relieve Everette Brady of his personal liability and are unnecessary to the success of the plan, this Court has authority to refuse confirmation of Debtor's First Amended Plan of Liquidation as presented. *In re GLK, Inc.*, 921 F.2d 967, 968 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2797, 115 L.Ed.2d 971 (1991).

## B. The Injunction Provision

■ The IRS argues that the Anti–Injunction Act, 26 U.S.C. § 7421(a), prohibits this Court from confirming the plan because it enjoins the U.S. Government from undertaking collection efforts against a non-debtor who is liable under 26 U.S.C. § 6672, the trust fund penalty rule. Debtor, in response to the IRS, claims that *Energy Resources* specifically grants the bankruptcy court power to issue such an injunction.

The vast majority of the case law supports the IRS' position as reflected in *In re American Bicycle Ass'n.*, 895 F.2d 1277 (9th Cir.1990). In that case, the bankruptcy court had issued an injunction preventing the IRS from collecting the 100% trust fund penalty from a non-debtor responsible person. The injunction was granted on the grounds of necessity so that the responsible person could make capital contributions to debtor's reorganization plan. The district court overturned the injunction and the Ninth Circuit affirmed, holding that the specific and unequivocal intent of the Anti–Injunction Act was not overridden by the more general authority granted to the bankruptcy court under 11 U.S.C. § 105(a). *Id.* at 1279–80. *But see In re Original Wild West Foods, Inc.*, 45 B.R. 202, 208 (Bankr.W.D.Tex.1984) (ruling that the court can enjoin the IRS from collecting the 100% penalty from an officer of the debtor whenever necessary to carry out debtor's plan of rehabilitation). Furthermore, none of the judicially-created exceptions to the Act applied because (1) an alternative route for relief was available, and (2) neither the validity nor amount of the tax was being challenged. *American Bicycle*, 895 F.2d at 1280–81 & n. 4.

As for debtor's reliance on *Energy Resources*, that case does not expressly address the injunction issue. *See In re Ray Stevens Paving Co.*, 145 B.R. 647, 648 (D.Ariz.1992) (deciding that *Energy Resources* has no impact on the Anti–Injunction Act). Also, the *Energy Resources* decision emphasizes that its holding is actually *in harmony* with the tax code, as opposed to *overriding* the tax code provisions as debtor implies. *Energy Resources*, 495 U.S. at 551, 110 S.Ct. at 2143. The few cases decided since *Energy Resources* that address this injunction issue have remained loyal to the *American Bicycle* view: Absent a judicial exception, the bankruptcy court cannot enjoin the IRS from pursuing a *non-debtor* to collect on the trust fund taxes due and owing under 26 U.S.C. § 6672. *See Ray Stevens Paving Co.*, 145 B.R. at 647–651; *In re Davidson's of Pikeville, Inc.*, 142 B.R. 789, 791 (Bankr. E.D.Ky.1992).

■ Even if this Court accepted debtor's contention that *Energy Resources* was applicable to the injunction issue, the facts of the present case do not warrant injunctive relief. Determining whether an injunction should issue involves a balancing of the interests involved and a determination that

the injunction is necessary to rehabilitate the debtor. *Wild West*, 45 B.R. at 208.

Neither debtor nor Mr. Brady contest Mr. Brady's personal liability under 26 U.S.C. § 6672. There has been no argument that the amount of trust fund taxes assessed against Mr. Brady is incorrect, nor has it been argued that Mr. Brady has no adequate remedy at law; therefore, no judicial exceptions apply to circumvent the Anti–Injunction Act. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6–8, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Wild West*, 45 B.R. at 208.

As previously noted in this Court's discussion of the allocation issue, *Energy Resources* and its reasoning have generally not been extended to Chapter 11 liquidations. *Kare Kemical*, 935 F.2d at 244–45. Moreover, the facts in the present case do not establish the necessity of an injunction. The evidence shows that the injunction will bring no substantial benefit to anyone except Mr. Brady.

Debtor has argued that this injunction is needed so potential buyers of debtor's assets are not "scared off." The Court fails to see a significant connection between enjoining the IRS from reaching Mr. Brady's personal assets and improving the liquidation potential for debtor's corporate assets. The Court also understands that not enjoining the IRS causes Mr. Brady to remain under personal economic pressure while he is negotiating to liquidate the debtor corporation; however, mere economic pressure is not the equivalent of irreparable harm that would constitute an equitable exception to the Anti–Injunction Act.

To confirm the plan's injunction provision would foreclose the IRS from pursuing a congressionally-sanctioned avenue of tax collection. The goals of prompt and full tax collection that are behind the Anti–Injunction Act simply outweigh the need for an injunction against the IRS in the present case.

### Conclusion

In light of the above discussion, this Court SUSTAINS the objection of the IRS to that part of the liquidation plan that allocates debtor's tax payments. This Court also SUSTAINS the objection of the IRS to the provisions in the liquidation plan that enjoin the IRS from pursuing non-debtor Everette Brady for collection of the accrued and unpaid trust fund taxes. Accordingly, this Court DENIES Confirmation of Debtor's First Amended Plan of Liquidation.