**In re Petition of ERNST & YOUNG, INC., as Receiver of the Estate of Soundair Corporation, Foreign Debtor.**

**INTERNAL REVENUE SERVICE, Appellant,**

**v.**

**ERNST & YOUNG, INC., as Receiver of Soundair Corporation, Debtor in a Foreign Proceeding, Appellee.**

No. C-2-91-477.

United States District Court, S.D. Ohio, E.D.

July 19, 1991.

---

Richard Keith Stovall, William Randolph Case, Thompson, Hine & Flory; Charles M. Caldwell, Office of U.S. Trustee, and Daniel F. Gosch, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for plaintiff.

Jeffrey Paul Hopkins, U.S. Attorney's Office, Columbus, Ohio and Henry J. Riordan, U.S. Dept. of Justice Tax Div., Washington, D.C., for appellant.

## MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

### BACKGROUND

This matter is before the Court on the motion of the appellee, Ernst & Young, Inc. ("Ernst & Young"), receiver of the Estate of Soundair Corporation ("Soundair") to dismiss an appeal from the bankruptcy court and on the motion of Ernst & Young for an extension of time for the filing of its responsive brief on appeal in this case. On June 12, 1991, the United States filed an appeal with this Court of Judge Sellers' May 6, 1991, order granting a preliminary injunction in case number C–2–91–02732, a proceeding before the bankruptcy court.

Soundair is a Canadian corporation that is primarily engaged in the operation of airline services in and between Canada and the United States. Although its operations are mainly in Toronto, Soundair operates a hanger facility in Columbus, Ohio, which is the primary locale of its United States operations. Pursuant to Canadian law, the Royal Bank of Canada ("Royal Bank") sought the appointment of a receiver to liquidate collateral which secures its claim against Soundair. On April 26, 1990, Ernst & Young was appointed as the receiver for Soundair pursuant to an order of the Supreme Court of Ontario. Ernst & Young is charged with liquidating Soundair's assets in accordance with the order of its appointment and presently is involved in efforts to

sell the business of Soundair as a going concern.

Following the appointment of Ernst & Young as receiver, the IRS has requested the payment of certain taxes from Ernst & Young as receiver which the United States alleges are due for tax liabilities of Soundair which were incurred before the appointment of the receiver. As a result, on April 9, 1991, Ernst & Young filed a petition with the bankruptcy court under 11 U.S.C. § 304. In this petition, Ernst & Young sought injunctive relief against the United States to prevent the United States from enforcing its tax liens against Soundair. The United States opposed this petition and sought dismissal of the petition. Additionally, Ernst & Young filed an adversary complaint against the United States in which Ernst & Young sought to permanently enjoin the United States from collecting the tax liability from Soundair. Ernst & Young also filed a motion for a temporary restraining order and a preliminary injunction.

On April 9, 1991, Judge Sellers held a hearing on Ernst & Young's request for a temporary restraining order, at which time Judge Sellers entered an agreed order by which the United States agreed that it would restrain from "in any manner directly or indirectly, levying upon, placing a lien upon, seizing, foreclosing, attaching or otherwise executed [sic executing] on Soundair's assets, or commencing or prosecuting any action to accomplish the foregoing." The parties agreed to continue the agreed order through May 2, 1991.

On May 2, 1991, Judge Sellers held a hearing on Ernst & Young's motion for a preliminary injunction and on the merits regarding the relief requested by Ernst & Young in the ancillary proceeding. At the conclusion of the hearing, Judge Sellers indicated that on the facts before the Court, the relief sought by Ernst & Young in the adversary proceeding was appropriate and that she would continue the agreed order as a preliminary injunction. Judge Sellers also stated that she wished to consider three issues before ruling on the relief requested by Ernst & Young in their

complaint: (1) whether the ancillary proceeding and adversary proceeding are barred by the sovereign immunity of the United States; (2) whether the ancillary proceeding and adversary proceeding are barred by the Anti–Injunction Act, 26 U.S.C. § 7421; and (3) whether the Royal Bank's lien on assets of Soundair was properly perfected.

On May 6, 1991, Judge Sellers entered an order granting a preliminary injunction which stated:

> This matter comes before the Court pursuant to the application for preliminary injunction filed by Plaintiff, Ernst & Young, Inc., as Receiver of Soundair Corporation. The Court having heard the evidence, it is ORDERED, ADJUDGED AND DECREED that effective immediately, the Internal Revenue Service will restrain from, in any manner directly or indirectly, levying upon, placing a lien upon, seizing, foreclosing, attaching or otherwise executing on the assets of Soundair Corporation, a debtor in a foreign proceeding within the meaning of §§ 101(23) and (24) of the Bankruptcy Code, or commencing or prosecuting any action to accomplish the foregoing. It is further
> ORDERED, ADJUDGED AND DECREED that during the pendency of this Order, Plaintiff shall not remove any of its or Soundair's assets presently located in the United States to points outside the United States except as required in Plaintiff's or Soundair's ordinary course of business. This Order is subject to further modification pending the Court's review of certain legal issues.

This order of May 6, 1991, is the subject of the United States' appeal to this Court.

## ANALYSIS

Appeals from bankruptcy court decisions to district courts are governed by Section 158 of Title 28 of the United States Code which provides, in part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from

interlocutory orders and decrees, of bankruptcy judges....

28 U.S.C. § 158(a). Accordingly, this Court must determine whether the order below is final and appealable as of right under the relevant case law, or, if not a final order, whether leave should be granted to appeal the order as an interlocutory decree of the bankruptcy court.

When the bankruptcy order appealed from is final, Section 158(a) provides for an appeal of right. *See* Bankr.R. 8001. A final order has been defined as being one which is a "final determination of the rights of the parties to secure the relief they seek in" the lawsuit. *In re Vause*, 886 F.2d 794, 797 (6th Cir.1989), quoting *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir.1988), or an order "which ends the litigation on its merits and leaves nothing for the Court to do but execute the judgment." *Midland Mut. Life Ins. Co. v. Sellers*, 101 B.R. 921, 926 (S.D.Ohio 1989) (citations omitted). *See also City of Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir.1944).

■ In the present case, the plain language of Judge Seller's Order of May 6, 1991 (the "Order"), argues against a finding of finality. At the conclusion of the Order, Judge Sellers stated that "[t]his order is subject to further modification pending the Court's review of certain legal issues." Moreover, at the hearing on May 2, 1991, in response to opposition by counsel for the government regarding the Court's authority to continue the injunction, Judge Sellers stated:

> I will just have to issue [the order for a preliminary injunction] then under the general authority that I think I always have, Mr. Riordan, is to enjoin parties while I can determine whether I have jurisdiction to enjoin them, and I think there is lots of case law to that effect.

Clearly, Judge Sellers contemplated reviewing the Order herself specifically to determine whether she possessed the authority to issue such an injunction against the United States in view of the concerns expressed by the United States regarding the government's sovereign immunity and the Anti–Injunction Act. The fact remains, however, that Judge Sellers did issue an injunction against the United States.

■ Section 158(a) provides that "appeals ... with leave of court, from interlocutory orders and decrees" may be taken. Moreover, Section 158(c) provides that these appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Since Section 158(c) states that appeals are to be taken in this way, courts have utilized Title 28, Section 1292, which governs appeals from district court proceedings to appeals courts, to provide the standards for appeals from bankruptcy court proceedings to district courts. *See In re Bertoli*, 812 F.2d 136, 139 (3d Cir.1987); *In re Friedberg*, 119 B.R. 433, 434 n. 2 (S.D.N.Y.1990); *In re Murray*, 116 B.R. 6, 8 (D.Mass.1990); and *see generally* Collier on Bankruptcy, ¶ 3.03, at 3–194. A district court then is to review a bankruptcy court order in exactly the same way as a court of appeals reviews a district court order.

The United States contends that its appeal is appropriate pursuant to the collateral order doctrine which was set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The United States asserts that pursuant to the collateral order doctrine, unless a claim can be reviewed before the proceedings terminate, "it never can be reviewed at all." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (citing *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1952)). The United States also asserts that an order which restrains the United States is an appealable collateral order when the sovereign immunity of the United States is at issue, because the sovereign immunity doctrine is an entitlement to immunity from suit which is lost when a case is erroneously allowed to proceed to trial. *Mitchell*, 472 U.S. at 524–30, 105 S.Ct. at 2814–17.

Ernst & Young, however, argues that the collateral order doctrine should not be applied here because Judge Sellers' Order was not finally determinative of any issue

and the Order merely continued the status quo for a short time to enable Judge Sellers to consider modifications of the Order.

 Title 28 U.S.C. § 1292, which governs interlocutory decisions, provides for two different methods for review, appeal as of right to review injunctive decrees and discretionary review of interlocutory orders. Section 1292(a), which governs injunctive orders, provides that:

> (a) ... the courts of appeals shall have jurisdiction of appeals from (1) Interlocutory orders ... granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions....

District courts have looked to Section 1292(a) as the basis for entertaining an appeal as of right from an injunctive order arising in a bankruptcy proceeding. *See Matter of Electronic Theatre Restaurants,* 53 B.R. 458 (N.D.Ohio 1985); *Matter of Bertoli,* No. 86–4856, 1987 WL 8196 (D.N.J. March 18, 1987) (LEXIS, Genfed library Dist. File). Thus, the application of Section 1292(a) to bankruptcy proceedings makes bankruptcy injunctions appealable, even injunctions which are preliminary in nature, such as the injunction in the present case.

 Moreover, the Court agrees with the United States that any order that restrains the United States is an appealable collateral order if the sovereign immunity of the United States is at issue. *See Mitchell,* 472 U.S. at 524–30, 105 S.Ct. at 2814–17. In her order, Judge Sellers enjoined the United States from the enforcement of its tax lien even though the United States contended that it was absolutely immune to such an injunction.

Accordingly, the Court finds that the motion by Ernst & Young to dismiss the appeal is DENIED, and that the motion for an extension of time by Ernst & Young is GRANTED. The responsive brief of Ernst & Young shall be due one week from the date of the issuance of this order, and the reply brief of the United States shall be due one week from the date of the filing of the Ernst & Young brief. Service on opposing counsel shall be made by facsimile machine or overnight mail. The United States has requested that the Court hold a hearing in this matter and the Court has set the hearing for Monday, August 5, 1991 at 1:00 p.m.

IT IS SO ORDERED.