**In re Petition of ERNST & YOUNG, INC., as Receiver of the Estate of Soundair Corporation, Foreign Debtor.**

**INTERNAL REVENUE SERVICE, Appellant,**

**v.**

**ERNST & YOUNG, INC., as Receiver of Soundair Corporation, Debtor in a Foreign Proceeding, Appellee.**

**No. C–2–91–477.**

United States District Court, S.D. Ohio, E.D.

Aug. 21, 1991.

See also 135 B.R. 517.

Richard Keith Stovall, William Randolph Case, Thompson, Hine & Flory, Charles M. Caldwell, Office of U.S. Trustee, and Daniel F. Gosch, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for Ernst & Young, Inc.

Jeffrey Paul Hopkins, U.S. Attorney's Office, Columbus, Ohio, Henry J. Riordan, U.S. Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

## MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

### I.

Appellant United States of America on behalf of the Internal Revenue Service ("IRS") appeals from the bankruptcy court's May 6, 1991 order granting a preliminary injunction. On July 19, 1991, this Court denied the motion of appellee Ernst & Young, Inc. ("Ernst & Young") to dismiss the appeal 135 B.R. 517. The July 19, 1991 memorandum and order sets forth the factual background and procedural history of the case; therefore, it is unnecessary to repeat those facts here. Following the denial of appellee's motion to dismiss, the matter was fully briefed on the merits. In addition, the Court heard oral arguments on August 5, 1991, at which time no further briefing was requested. The appeal is, thus, presently ripe for decision.

### II.

The order of the bankruptcy court that is the subject of this appeal restrains the IRS:

from, in any manner directly or indirectly, levying upon, placing a lien upon, seizing, foreclosing, attaching or otherwise executing on the assets of Soundair

Corporation, a debtor in a foreign proceeding within the meaning of §§ 101(23) and (24) of the Bankruptcy Code, or by commencing or prosecuting any action to accomplish the foregoing.

The government contends that under general principles of sovereign immunity and more specifically the Anti–Injunction Act, 26 U.S.C. § 7421, the bankruptcy court was without jurisdiction to issue its May 6, 1991 order. The government also argues that, as issued, the preliminary injunction against the Internal Revenue Service is overbroad and must be modified to exclude those assets of Soundair Corporation which are located outside this judicial district.

Ernst & Young, on the other hand, contends that the government has waived its sovereign immunity under Sections 106(a) and (c) of the Bankruptcy Code and that the application for preliminary injunction in this case falls within the statutory exception to the Anti–Injunction Act found in 26 U.S.C. § 7426. Ernst & Young also argues that the preliminary injunction is not overbroad and that the bankruptcy court issued its order only after considering those factors enumerated in 11 U.S.C. § 304(c) and correctly resolving those factors in favor of the relief sought by appellee.

### III.

#### A. SOVEREIGN IMMUNITY

It is axiomatic that the United States enjoys sovereign immunity except to the extent that it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). A waiver of sovereign immunity will not be implied, and where Congressional consent is not clear, no court will have jurisdiction to entertain a suit against the United States or one of its departments. *Id.* In this case, the appellee relies on two provisions within the Bankruptcy Code for its contention that sovereign immunity has been waived here. 11 U.S.C. §§ 106(a) and (c). The Court will, then, address each of these provisions in turn to determine whether or not the IRS has waived sovereign immunity and thereby consented to be sued in this instance.

#### 1. *11 U.S.C. § 106(a)*

■ Title 11, United States Code, Section 106 provides in pertinent part that:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

11 U.S.C. § 106(a) (1988).

"Subsection (a) is a very narrow waiver of sovereign immunity intended to cover only those claims of the estate that are compulsory counterclaims to a claim against the estate filed by the governmental unit." *Internal Revenue Service v. Nordic Village, Inc. (In re Nordic Village, Inc.)*, 915 F.2d 1049, 1057 (6th Cir.1990), (Kennedy, J., dissenting), *cert. granted,* —— U.S. ——, 111 S.Ct. 2823, 115 L.Ed.2d 994. The IRS is clearly a "governmental unit" as that term is used in Section 106. *Id.* The question, then, is whether the IRS has filed a claim against Soundair Corporation ("Soundair") or Ernst & Young as receiver for Soundair Corporation and, if so, whether the latter party's claim of entitlement to injunctive relief arises out of the same transaction or occurrence as the IRS's claim.

The Court finds nothing in the record to indicate that the IRS has ever *filed* a claim with respect to Soundair Corporation's foreign receivership or the ancillary case in this district, and appellee does not assert otherwise. Rather, Ernst & Young argues that because the IRS has a "right to payment" from Soundair for certain tax liabilities and has made demands for payment to Ernst & Young, as receiver for Soundair, the IRS has waived its sovereign immunity under Section 106(a). Appellee cites no case law in support of its interpretation, but relies on a straight-forward application of the statutory language. The Court's own limited research reveals some support for appellee's contention, *see United States v. INSLAW, Inc.,* 113 B.R. 802, 811–12 (D.D.C.1989), but the majority of courts

appear to have decided or assumed that the filing of a proof of claim by the governmental unit in a bankruptcy proceeding is required before a waiver of sovereign immunity will be effected. *See, e.g., Hoffman v. Connecticut Dept. of Income Maint.*, 492 U.S. 96, 101, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989) (plurality opinion of White, J.).

The question of whether Soundair or Ernst & Young has a claim against the IRS is even more problematic. As appellee points out with respect to the IRS, a "claim" as used in Section 106(a) means "a right to payment." *Epps v. Lomas Mortgage USA, Inc. (In re Epps)*, 110 B.R. 691, 696–97 (E.D.Pa.1990). In this case, appellee asserts no right to payment from the IRS, but rather an alleged right to enjoin the IRS from levying upon Soundair's United States assets.

Even were the Court to find that the IRS has asserted a "claim" within the meaning of Section 106(a) and that Soundair or Ernst & Young likewise holds a "claim" against the IRS, the "claims" clearly do not arise out of the same transaction or occurrence. The IRS's claims arise from the non-payment of certain tax liabilities in prior tax years while appellee's claim is derived from 11 U.S.C. § 304 and Soundair's present status as a debtor in a foreign proceeding. Thus, contrary to appellee's position, its claim would not be a compulsory counterclaim. In light of this finding, the Court need not address the parties' arguments concerning whether such a claim is "property of the estate" as that term is used in Section 106(a).

Based on the foregoing, the Court concludes that the IRS has not waived its sovereign immunity under Section 106(a) and that any such waiver, if at all, must be found in Section 106(c).

### 2. *11 U.S.C. § 106(c)*

■ Title 11, United States Code, Section 106 further provides in relevant part that:

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units ...

11 U.S.C. § 106(c)(1) (1988).

This subsection abolishes the defense of sovereign immunity where a claim is made pursuant to a provision of the Bankruptcy Code that contains any of the words "creditor," "entity" or "governmental unit." *Nordic Village*, 915 F.2d at 1052. In this case, it is undisputed that the Bankruptcy Code provision relied upon by appellee for its claim of injunctive relief, 11 U.S.C. § 304, does not contain any of these trigger words. Ernst & Young argues, that notwithstanding the absence of these specific words, other terms within Section 304 such as "party in interest," "holder of claims" and "claim holders" are the functional equivalent of the term "creditor" and thus should have the same effect as the use of the so-called "trigger words." Appellee offers the case of *In re Price*, 130 B.R. 259 (N.D.Ill.1991), to support its contention that the presence or absence of a given trigger word within the statutory provision in question should not by itself control the question of whether sovereign immunity has been waived under Section 106(c).

The Court finds *Price* to be distinguishable. In *Price*, the district court determined that the trigger word "entities" included in Section 362(a) is sufficient to subject the government to monetary liability under Section 362(h) which does not contain any trigger word. *Id.* at 263; *see also In re Everett*, 127 B.R. 781, 782 (Bankr. E.D.N.C.1991). It is clear that the *Price* court treated Section 362 as a whole and regarded subsection (h) as merely providing the remedy for a violation of subsection (a). *Id.* The same cannot be said for Section 304; not only are the trigger words absent from 304(a), the subsection upon which Ernst & Young predicates its action, but they are similarly absent from the other subsections as well.

The Court believes that to allow terms which a party regards as functional equivalents to substitute for the precise words set

forth in the statute would destroy the bright line test established by Congress for determining when a governmental unit can be said to have waived its sovereign immunity under Section 106(c). Therefore, in the absence of the words "creditor," "entity" or "governmental unit" within Section 304, the Court must conclude that the IRS has not waived its sovereign immunity pursuant to Section 106(c).

## B. ANTI–INJUNCTION ACT

 The Anti–Injunction Act commands that

> [e]xcept as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (1988).

In addition to the exceptions provided for in the statute, the United States Supreme Court has carved out a narrow exception where it is clear that under no circumstances can the government ultimately prevail. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Appellee does not rely on the *Enochs* standard, but rather on 26 U.S.C. § 7426, the provisions of which are expressly excepted from the Anti–Injunction Act.

The Fifth Circuit has held that to state a cause of action under Section 7426, a plaintiff must show that a levy has been *filed* against property in plaintiff's possession; that plaintiff has an interest in the property superior to that of the United States; and that the levy was wrongful. *Texas Commerce Bank—Fort Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir. 1990) (emphasis sic). For a levy to be wrongful requires that the property levied upon does not belong to the taxpayer. *Id.; Security Counselors, Inc. v. United States*, 860 F.2d 867, 868 (8th Cir.1988).

The record clearly indicates that the IRS has not levied on any of Soundair's assets located in the United States. Moreover

Section 7426 is applicable only to persons other than the taxpayer. The taxpayer here is Soundair. Although appellee argues that as receiver, it stands in the shoes of Soundair's creditors rather than Soundair, the Court is not persuaded that Ernst & Young is the proper party to bring this action even were the IRS to have levied on the property. The government does not seriously dispute that once the assets are levied upon the Royal Bank of Canada may properly bring an action under Section 7426, provided it asserts a superior interest. The government contends, however, that until such time the action is premature, and even then Royal Bank's right may not be asserted by Ernst & Young as receiver for Soundair. The Court is in agreement with the government on this point and, thus, concludes that Section 7426 does not provide an exception to the Anti–Injunction Act in this case.

 Ernst & Young also argues that Section 304 should be construed as an exception to the Anti–Injunction Act because its aims are similar to those of Section 7426. It is clear, however, that Congress could have excepted Section 304 from the Anti–Injunction Act had it so intended, and the Court will not imply an additional exception simply because the statute in question may accomplish the same goal as a statute expressly excepted.

 Ernst & Young further contends that bankruptcy courts by the equitable powers granted them under the Bankruptcy Code may enjoin tax collection efforts by the United States notwithstanding the Anti–Injunction Act. *See* 11 U.S.C. § 105. The cases cited by Ernst & Young in support of this contention have been largely discredited, *see, e.g., Brandt–Airflex Corp. v. Long Island Trust Co., N.A. (In re Brandt–Airflex Corp.)*, 843 F.2d 90, 95–96 (2d Cir.1988); and to the extent such cases maintain any viability, they depend upon the protection afforded by the automatic stay. *Laughlin v. United States Internal Revenue Serv.*, 912 F.2d 197, 204 (8th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). Ernst & Young's related observation that, taken to

its logical extreme, the government's position would result in a denial of relief to a Chapter 11 debtor is simply not true, since as already noted, Section 362, unlike Section 304, *does* contain the requisite trigger word for a waiver of sovereign immunity under Section 106(c).

### IV.

In conclusion, the Court finds that the IRS has not waived its sovereign immunity under 11 U.S.C. §§ 106(a) or (c) and that the Anti–Injunction Act, 26 U.S.C. § 7421, bars appellee's suit for injunctive relief. The bankruptcy court was, thus, without jurisdiction to grant the May 6, 1991 preliminary injunction. In light of this determination, it is unnecessary to consider whether the bankruptcy court properly considered the factors enumerated under 11 U.S.C. § 304 and traditional equitable factors in issuing the injunction, or whether the order as granted is overbroad.

Accordingly, it is ORDERED that the preliminary injunction issued by the bankruptcy court on May 6, 1991, be and hereby is VACATED and that this action be RE-MANDED to the bankruptcy court for further proceedings not inconsistent with this memorandum and order.

IT IS SO ORDERED.