In re BUILDWRIGHT HOMES, INC.

**Erith Fern WRIGHT, Plaintiff,**

v.

**John R. BUTZ, Trustee, United States, Defendants.**

Bankruptcy No. 3–90–04687.
Adv. No. 3–94–116.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 27, 1994.

Jerome M. Strozdas, Springfield, OH, for plaintiff.

Pamela Millard Stanek, Asst. U.S. Atty., Dayton, OH, for U.S.

John R. Butz, Trustee, Springfield, OH.

**DECISION GRANTING MOTION
TO DISMISS**

THOMAS F. WALDRON, Bankruptcy Judge.

Erith Fern Wright (the "Plaintiff"), an officer and shareholder of the debtor-corporation, Buildwright Homes, Inc. (the "Debtor") filed an adversary proceeding in this court. In this complaint the Plaintiff alleges that the United States, through its agency, the Internal Revenue Service ("IRS"), filed a

Notice of Federal Tax Lien against the Debtor to secure a claim for unpaid taxes. On or about August 6, 1990, this lien and the claim which it secured were fully paid from the proceeds of the sale of a parcel of real estate owned by the Debtor. On October 22, 1990, the Debtor filed for relief under chapter 7 of the Bankruptcy Code and John R. Butz was appointed as chapter 7 trustee (the "Trustee"). The Trustee demanded that the IRS turn over the proceeds of the sale of the parcel of real estate. The IRS turned over these proceeds to the Trustee.

The Plaintiff alleges that the IRS "acting negligently, irresponsibly, in the absence of legal authority and in deliberate disregard of its obligations to the plaintiff paid over to the defendant, Trustee, the entire amount it had received from the debtor" and "made a claim for the payment from the plaintiff of taxes, penalties and interest...." (Doc. 1–1). As a result, the Plaintiff demands that the IRS be permanently enjoined from pursuing or collecting its claim against the Plaintiff and that the IRS be ordered to cancel and release its lien against the Plaintiff. The Plaintiff also demands that the Trustee be ordered to return to the IRS the proceeds of the sale so that they can be applied in complete satisfaction of its claim against the Plaintiff.

The United States filed a Motion To Dismiss United States As A Party Defendant (Doc. 4–1) and a United States' Memorandum In Support Of Motion To Dismiss United States As A Party Defendant (Doc. 5–1). As a result of additional filings, the court entered an Order Fixing Date For Filing Final Memoranda Concerning Dismissal (Doc. 8–1). Thereafter, the Plaintiff filed a Memorandum of Plaintiff (Doc. 10–1) and the United States filed United States of America's Final Memoranda (Doc. 11–1). The Plaintiff filed Plaintiff's Memorandum Contra Motion To Dismiss By The United States (Doc. 6–1), and the Trustee filed a Response of John R. Butz, Trustee (Doc. 12–1).

The United States asserts that the Plaintiff's complaint must be dismissed on the following grounds: 1) the bankruptcy court lacks subject matter jurisdiction over the § 6672 liability of the debtor's officers, 2) the debtor lacks standing to litigate the separate tax liabilities of its responsible officers and employees, and 3) the Anti–Injunction Act bars the bankruptcy court from enjoining the United States in this case.

█ Faced with issues similar to the issues raised by the United States in this proceeding, several courts have reached their determinations under the Anti–Injunction Act "because it is relatively straightforward, avoids deciding a constitutional question (Article III standing), and provides the narrowest ground for decision." *LaSalle Rolling Mills, Inc. v. United States (In re LaSalle Rolling Mills, Inc.),* 832 F.2d 390, 392 n. 6 (7th Cir.1987). *Accord American Bicycle Assoc. v. United States (In re American Bicycle Assoc.),* 895 F.2d 1277, 1279 (9th Cir.1990). The Anti–Injunction Act is sufficient to provide a basis for the determination of the particular issue in this proceeding. Significantly, the Plaintiff in this proceeding is neither a debtor herself, nor is she an officer or director of a debtor seeking reorganization under the Bankruptcy Code.

The Plaintiff disputes that the Anti–Injunction Act prohibits this court from enjoining the IRS. First, the Plaintiff argues that because the obligations of the debtor corporation's liability for withheld employment taxes from the personal responsibility imposed by 26 U.S.C. § 6672 are separate, this action is removed from the ambit of the Anti–Injunction Act. Next, the Plaintiff asserts that the Anti–Injunction Act prohibits courts from issuing injunctions with respect to the collection of a tax, not the collection of a penalty. Lastly, the Plaintiff requests "that the court determine her liability for the imposition of the penalty pursuant to 11 U.S.C. § 505(a) and is asking that while that liability is being determined, the court exercise its authority under 11 U.S.C. § 105 to restrain the improper collection of this penalty." Under the facts and circumstances of this proceeding, the Plaintiff's arguments are not persuasive.

The Anti–Injunction Act, 26 U.S.C. § 7421, provides:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the

purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Under circumstances identical to those existing in this proceeding, including § 6672 liability, courts have concluded that the Bankruptcy Code does not create an exception to the Anti–Injunction Act, and does not give a bankruptcy court the power to enjoin the IRS from collecting a 100% penalty from the responsible officer of a debtor corporation. *American Bicycle Assoc.,* 895 F.2d at 1279–80; *A to Z Welding & Mfg. Co. v. United States,* 803 F.2d 932, 933 (8th Cir. 1986); *LaSalle Rolling Mills, Inc.,* 832 F.2d at 394; *Ray Stevens Paving Co., Inc. v. United States (In re Ray Stevens Paving Co., Inc.),* 145 B.R. 647, 649 (D.Ariz.1992); *Davidson's of Pikeville, Inc. v. United States (In re Davidson's of Pikeville, Inc.),* 142 B.R. 789, 791 (Bankr.E.D.Ky.1992). As the Ninth Circuit stated:

> [N]othing in the Bankruptcy Code or its legislative history indicates that Congress intended to override the Anti–Injunction Act in these circumstances. *See LaSalle Rolling Mills,* 832 F.2d at 394. Only section 105(a) of the Bankruptcy Code might arguably give a bankruptcy court power to enjoin the IRS from collecting the 100% penalty from the responsible officer of a debtor corporation. Section 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (1988). All encompassing as this statute seems to be, however, it does not provide specific authorization empowering a bankruptcy court to enjoin collection of the 100% penalty. On the other hand, the text of the Anti–Injunction Act is specific and unequivocal. We hold that its proscription is not overridden by the general grant of authority provided in section 105(a) of the Bankruptcy Code.

We are mindful that some district courts and bankruptcy courts, although in the minority of those considering the issue, have adopted appellants' argument and granted injunctions in cases similar to ours. These courts have relied primarily on *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975). *See In re John Renton Young, Ltd.,* 87 B.R. [635] at 638 [ (Bkrtcy.D.Nev.1988) ] (lists cases where injunctions were determined to be appropriate). In *Bostwick,* the Eighth Circuit held that the Anti–Injunction Act did not prohibit a bankruptcy court from enjoining the IRS from collecting taxes against a debtor following discharge. The court concluded that the discharge provisions under section 17(c) of the Bankruptcy Act, including a provision "authorizing the issuance of injunctions, clearly evidences an intent by Congress that the orderly administration of the Bankruptcy Act take precedence over the general policy stated in the 'anti-injunction' act." *Bostwick,* 521 F.2d at 745.

We need not pass on the correctness of *Bostwick.* Instead, we merely note that the Eighth Circuit has subsequently limited *Bostwick* to its facts, holding that the Anti–Injunction Act prevents bankruptcy courts from enjoining the IRS from collecting the 100% penalty prescribed by section 6672 from responsible officers and shareholders of a corporate debtor. *See A to Z Welding & Mfg. Co. v. United States,* 803 F.2d 932, 933 (8th Cir.1986) (per curiam) (reaffirming the holding of *Kelly v. Lethert,* 362 F.2d 629 (8th Cir.1966)); *accord LaSalle Rolling Mills,* 832 F.2d at 392–94; *see also In re Heritage Village Church & Missionary Fellowship, Inc.,* 851 F.2d 104, 105–06 (4th Cir.1988) (per curiam) (holding that the Anti–Injunction Act prevented the bankruptcy court from enjoining the IRS from revoking the debtor's tax-exempt status); *In the Matter of Becker's Motor Transportation, Inc.,* 632 F.2d 242, 246 (3d Cir.1980) (holding that although the IRS had failed to give notice of its intention to collect prepetition penalties and postpetition interest from the debtor, the Anti–Injunction Act barred the bankruptcy court from enjoining the IRS' collection of these taxes following discharge), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981).

*American Bicycle Assoc.,* 895 F.2d at 1279–80.

■ Further, under the facts in this proceeding, 11 U.S.C. § 505 does not empower this court to entertain this action. "[A] literal reading of section 505(a) could lead to absurd results: '[T]aken at face value, without recourse to the legislative history, § 505 makes the Bankruptcy Courts a second tax court system, empowering the Bankruptcy Court to consider "any" tax whatsoever, on whomsoever imposed.'" *Michigan Employment Security Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1139 (6th Cir.1991). "Given the legislative history of section 505 and its placement in a chapter of the Bankruptcy Code denoted 'Creditors, the Debtor, and the Estate,' section 505 is not applicable where the court is not dealing with the interrelationship and effect of creditors and their claims on the *bankrupt debtor.*" *Id.* at 1140 (emphasis added; footnote omitted; citation omitted). The court notes that this proceeding does not involve facts or circumstances pertaining to any nexus between a debtor and a corporate officer in a bankruptcy where the extension of the court's authority under § 105 has been demonstrated to be necessary to a successful reorganization. Thus, the court determines that there is no exception to the Anti–Injunction Act and the court cannot grant the plaintiff any of the relief requested.

■ In addition, the fact that the IRS may or may not have negligently turned over the sale proceeds to the trustee does not change this court's determination that it lacks authority to issue an injunction. As the court stated in *Bernardi v. United States:*

> Plaintiff's contention that the Government should have protected its right to collect the withheld taxes from the companies in bankruptcy and that by reason of its failure to do so it is estopped from collecting the Section 6672 penalty from the responsible persons, is without merit. No evidence was produced which would support a finding of lack of diligence in the bankruptcy proceeding on the part of the Internal Revenue Service. In any event, failure by the Government to use due diligence in the

bankruptcy proceeding would not relieve the responsible persons. The personal liability of responsible persons under Section 6672 is separate and distinct from that imposed upon the corporate employer under Section 3403 of the Code. *It is unnecessary for the Internal Revenue Service even to attempt collection from the corporate employer, before asserting the personal liability of the responsible persons.*

74–1 U.S.T.C. 83,212, para. 9170, 1973 WL 695 (N.D.Ill.1973), *aff'd,* 507 F.2d 682 (7th Cir.1974), *cert. denied sub nom. Richter v. United States,* 422 U.S. 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693 (1975) (emphasis added). *See also Reph v. United States,* 615 F.Supp. 1236, 1242 (N.D.Ohio 1985) ("[t]he Internal Revenue Service need not attempt collections of the tax assessment from the corporate employer before asserting the personal liability of a responsible person.").

Accordingly, based upon the facts and circumstances of this proceeding, particularly that the Plaintiff is not a debtor, nor an officer or a director of a debtor seeking to reorganize under the Bankruptcy Code, the Motion To Dismiss United States As A Party Defendant (Doc. 4–1) is **GRANTED.**

An order in accordance with this decision is simultaneously entered.