COLLIER, District Judge.
This appeal comes from the Northern District of Ohio (Carr, J.). Appellant John Graham, disbursing agent for Monclova Care Center, Inc., a debtor under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq., appeals the district court’s order that the claims filed by Appellee United States be paid with interest until the claims are fully paid. Because the bankruptcy court reasonably interpreted the debtor’s plan to include payments of interest on the Internal Revenue Service’s (“IRS”) claims and because the IRS’s legal right to interest payments would be impaired if the interest does not accrue until the claims are paid, we AFFIRM the district court’s order.
I. BACKGROUND
Debtor Monclova Care Center, Inc. filed a voluntary petition for Chapter 11 bankruptcy in July 1993, and Appellant John Graham was appointed as the debtor’s trustee (JA at 336-37). On March 1, 1994, the Internal Revenue Service filed a proof of claim for $252,608.00 (JA at 328). The IRS designated $238,765.71 as a secured claim (the “secured claim”) and $13,842.29 as an unsecured priority claim (the “unsecured priority claim”) (JA at 328).
On April 4, 1996, the bankruptcy court confirmed the debtor’s Chapter 11 plan of liquidation (JA at 235). In this plan, the debtor treated secured claims as unimpaired:
Class 1 Allowed Secured Claims are not impaired under the Plan. There are only two asserted Class 1 Claims against the Debtor. To the extent they are determined to be secured, the defaults, if any, respecting such security interests shall be cured on the Effective Date and the legal, equitable and contractual rights to which Class 1 Claims entitle the holders thereof shall remain unaltered by the Plan or, at the option of the Trustee, such claims shall be treated in any other manner that shall result in such Claims being deemed unimpaired under Section 1124 of the Bankruptcy Code.
(JA at 246). The plan also treated unsecured priority claims as unimpaired:
Class 2 Allowed Priority Claims are not impaired under the Plan. Class 2 Allowed Claims will be paid in cash the allowed amount of their claims on the Effective Date of the Plan.
(JA at 246). The debtor’s plan did not define the term “impaired” (JA at 244). Rather, the plan provided undefined terms *662 would have the meaning assigned to the term in the bankruptcy code or bankruptcy rules (JA at 240-41). The bankruptcy code explains impairment of claims in 11 U.S.C. § 1124. Because the IRS held a Class 1 secured claim and a Class 2 priority claim, the IRS claims were unimpaired. Under the plan and under the bankruptcy code, creditors with unimpaired claims are conclusively presumed to have accepted the debtor’s plan (JA at 237; 11 U.S.C. § 1126(f)).
Between June 1994 and August 1999, Appellant distributed $6,613,615.68 to creditors of Monclova Care Center, Inc. (JA at 317). According to Appellant, he delayed making any payment to the IRS because there was some dispute whether certain penalties and interest had to be paid. Appellant eventually distributed $197,628.97 to the IRS (JA at 338).
On April 26, 1999, Appellant filed a motion to confirm the distribution to the IRS, requesting the bankruptcy court confirm the $197,628.97 payment as the total amount to be distributed to the IRS under the debtor’s plan (JA at 257). The IRS objected to the motion to confirm (JA at 304) and moved for summary judgment, claiming it was entitled to receive interest on its secured claim and its unsecured priority claim (JA at 320-21). The bankruptcy court issued a decision on May 25, 2000, requiring Appellant pay interest on the IRS claims through the effective date of the plan because the unimpaired IRS claims included a right to statutory interest (JA at 336). Both parties appealed to the district court.
The district court ruled on March 19, 2001, holding the IRS’s secured claim and unsecured priority claim were not impaired under the confirmed Chapter 11 plan and the entitlement to interest did not cease on the effective date of the plan (JA at 368). The district court ordered Appellant to pay both IRS claims with all interest due under 26 U.S.C. §§ 6621 and 6622 until paid in full (JA at 368).
II. STANDARD OF REVIEW When the Court reviews an appeal from the decision of a district court in a case originating in bankruptcy court, the Court directly reviews the decision of the bankruptcy court rather than the district court’s review of that decision. In re Morris, 260 F.3d 654, 662 (6th Cir.2001). The Court applies the clearly erroneous standard to findings of fact and de novo review to conclusions of law. Id. at 662-63. When reviewing mixed questions of law and fact, the Court breaks the question down into its component parts and applies the proper standard of review to each part. Id. at 663. A grant of summary judgment is a question of law, so the standard of review is de novo. Id. The Court reviews a bankruptcy court’s interpretation of the debtor’s plan with full deference. In re Terex, 984 F.2d 170, 172 (6th Cir.1993).
III. DISCUSSION [1] The bankruptcy court interpreted the debtor’s plan to require the payment of interest on the IRS’s secured claim and on its unsecured priority claim. Reviewing the bankruptcy court’s interpretation of the plan with full deference, we uphold this interpretation. However, the bankruptcy court held the interest should cease accruing on the effective date of the plan. Because the IRS’s unimpaired claims would be altered if interest ceases to accrue before the claims are paid, we REVERSE that portion of the bankruptcy court’s decision and AFFIRM the district court order that the IRS claims be paid with all interest due until the claims are fully paid.
A. The debtor’s plan, describing the IRS claims as unimpaired, requires Appellant to pay interest on the IRS claims.
The IRS contends Appellant should pay interest on its secured claim and on its *663 unsecured priority claim because the debt- or’s confirmed plan indicated the IRS claims were not impaired. The bankruptcy court interpreted the plan to require interest payment on the IRS claims because the debtor’s plan did not alter the right to payment held by the IRS.
Under Title 11, “claim means — right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.” 11 U.S.C. § 101(5)(A). The IRS filed claims against the debtor for $252,608.00, comprised of unpaid taxes, penalties, and interest that had accrued on those amounts. The IRS designated $238,765.71 as a secured claim and $13,842.29 as an unsecured priority claim. According to the tax code, interest on unpaid taxes, penalties, and interest compounds daily from the last date for payment through the date the amounts are paid, and interest shall be paid for that period. 26 U.S.C. §§ 6601(a), (e), 6621, 6622. While this unmatured right to interest payments is subject to disallowance under 11 U.S.C. § 502(b) in most cases, it remains part of both IRS claims. In re Butler, 242 B.R. 553, 555 (Bankr.S.D.Ga. 1999).
When the bankruptcy court confirmed debtor’s Chapter 11 plan, the plan became binding on all the parties, including the IRS.[1] 11 U.S.C. § 1141(a);[2] Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.), 930 F.2d 458, 463 (6th Cir. 1991). Regarding the IRS’s secured and unsecured priority claims, the plan provided the claims were unimpaired:
3.1. Class 1 Allowed Secured Claims are not impaired under the Plan. There are only two asserted Class 1 Claims against the Debtor. To the extent they are determined to be secured, the defaults, if any, respecting such security interests shall be cured on the Effective Date and the legal, equitable and contractual rights to which Class 1 Claims entitle the holders thereof shall remain unaltered by the Plan or, at the option of the Trustee, such claims shall be treated in any other manner that shall result in such Claims being deemed unimpaired under Section 1124 of the Bankruptcy Code.
3.2. Class 2 Allowed Priority Claims are not impaired under the Plan. Class 2 Allowed Claims will be paid in cash the allowed amount of their claims on the Effective Date of the Plan.
(JA at 246).[3]
The debtor’s plan did not provide a definition of the term “impaired,” but it did provide that undefined terms in the plan *664 would have the meaning assigned to them in the bankruptcy code or in the bankruptcy rules. The bankruptcy code discusses impairment of a claim at 11 U.S.C. § 1124. The statute explains a claim is considered impaired unless the plan “leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest.” 11 U.S.C. § 1124(1); See Bank of Am. Nat’l Trust & Sav. Ass’n v. 203 N. LaSalle St. P’ship, 526 U.S. 434, 441 n. 14, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999) (“Claims are unimpaired if they retain all of their prepetition legal, equitable, and contractual rights against the debtor.”). The bankruptcy court determined the plan meant the IRS retained its legal right to receive statutory interest until Appellant paid the sums owed to the IRS. Otherwise, reasoned the bankruptcy court, the plan would impair — alter—the IRS claims, yet the plan specifically said the secured claim and the unsecured priority claim were not impaired.
A number of courts have held a claim is impaired under 11 U.S.C. § 1124(1) if the plan deprives the creditor of interest to which the creditor is entitled. For example, in In re The Seasons Apartments, Ltd. P’ship, 215 B.R. 953, 956, 960 (Bankr. W.D.La.1997) a debtor’s plan impaired a creditor’s claim because the plan did not include payment of the postpetition interest the creditor was entitled to receive. Discussing 11 U.S.C. § 1124(1), the court in In re New Midland Plaza Assocs., 247 B.R. 877, 896 (Bankr.S.D.Fla.2000) explained a class of claims would be impaired by a plan if the claims would not be paid in full with interest on the effective date of the plan. Likewise, the bankruptcy court in this case determined the debtor’s plan would impair the IRS claims if it did not include the statutory interest the IRS is entitled to receive. Because the plan said such claims were unimpaired, the bankruptcy court held Appellant should pay interest on the IRS’s secured claim and its unsecured priority claim.
The Court gives deference to a bankruptcy court’s interpretation of a debtor’s plan. In re Terex, 984 F.2d 170, 172 (6th Cir.1993). Upon review of the bankruptcy court’s interpretation of the plan in this case, we uphold the bankruptcy court’s decision that Appellant must pay the IRS interest on its claims.
B. Interest accrues on both IRS claims until the claims are paid.
The IRS contends interest accrues on its claims through the date the IRS claims are paid because its statutory right to interest would be impaired if interest for that period were not paid. The bankruptcy court, however, determined interest should stop accruing as of the effective date of the debtor’s plan. For this decision, the bankruptcy court relied upon Rake v. Wade, 508 U.S. 464, 468, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), which explained “the interest allowed by [11 U.S.C.] § 506(b) will accrue until payment of the secured claim or until the effective date of the plan.” The bankruptcy court’s reliance on Rake was erroneous. Rake recognizes a limitation on the accrual of interest that is payable pursuant to § 506(b), see 508 U.S. at 468, 471,113 S.Ct. 2187, but that limitation does not apply to the IRS’s unimpaired, unaltered claims that are entitled to interest under 26 U.S.C. § 6601.[4] The district court proper *665 ly recognized this distinction and modified the bankruptcy court’s judgment, holding interest would accrue on the IRS claims until the claims are paid. Because the IRS is entitled to statutory interest on its secured claim and unsecured priority claim, and because this legal right to payment was not altered by the debtor’s plan, interest must be paid on the IRS claims through the date the claims are fully paid. See 26 U.S.C. §§ 6621, 6622.
IV. CONCLUSION
Upon review of the bankruptcy court’s interpretation of the debtor’s plan, we agree the plan preserved and did not alter the IRS’s right to interest payments on its secured claim and on its unsecured priority claim. Further, the interest the IRS is entitled to receive accrues until the date the claims are fully paid. Therefore, we AFFIRM the district court’s order that modified the judgment of the bankruptcy court.

. Because the plan listed the IRS claims as unimpaired, the IRS was conclusively presumed to have accepted the plan. 11 U.S.C. § 1126(f) ("[A] class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.”).

. Section 1141(a) provides in pertinent part: "[T]he provisions of a confirmed plan bind the debtor ... and any creditor ... whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor ... has accepted the plan.” 11 U.S.C. § 1141(a).

. Appellant argues the plan treated the IRS claims as unimpaired under § 1124(3) in that he could pay the allowed amount of the claim on the effective date of the plan (Appellant’s brief at 25). Section 1124(3) was repealed effective October 22, 1994, but it is effective for this case because it was filed prior to that date. However, there is no evidence Appellant treated the IRS claims as unimpaired *664 according to these provisions, by paying the claim on the plan's effective date. "Unless § 1124(3) is complied with, it cannot be used as a basis for categorizing a class as unimpaired. ..." In re Ralph C. Tyler, P.E., P.S., Inc., 156 B.R. 995, 997 (Bankr.N.D.Ohio 1993).

. 11 U.S.C. § 506(b) allows interest on an "oversecured” claim, a claim that is secured by property with a value greater than the *665 value of the claim. Because the Court concludes the debtor’s plan did not impair the IRS's statutory right to interest payments on its claims, the Court does not reach the issue whether the IRS’s secured claim constituted an oversecured claim.