**In re Herbert R. KUPPIN, Jr., Debtor.**

**Internal Revenue Service, Appellant,**

v.

**Alyson Barnard, Appellee.**

**No. 1:05–CV–59.**

United States District Court,
S.D. Ohio,
Western Division.

Dec. 20, 2005.

Alejandro L. Bertoldo, Peter Sklarew, U.S. Department of Justice, Washington, DC, for Appellant.

Robert Alfred Goering, Goering & Goering, Cincinnati, OH, for Appellee.

Christopher D. Cathey, Ulmer & Berne LLP, Cincinnati, OH, Reuel D. Ash, Statman Harris & Bardach LLC, Dayton, OH, for Debtors.

*OPINION*

BECKWITH, Chief Judge.

Appellant Internal Revenue Service appeals from the judgment of the United States Bankruptcy Court for the Southern District of Ohio ordering it to pay a tax refund to Debtor Herbert Kuppin, Jr. and in turn ordering Kuppin to distribute the refund to Alyson Barnard, a creditor of Kuppin's Chapter 11 plan of reorganization. For the reasons that follow, the judgment of the Bankruptcy Court is **REVERSED**.

I. *Factual and Procedural Background*

The factual and procedural background of this case, while apparently undisputed, is somewhat complex.

In December 2001, the Bankruptcy Court confirmed Debtor Herbert Kuppin's Second Amended Plan of Reorganization

pursuant to Chapter 11 of the Bankruptcy Code. Under the plan, Kuppin's ex-wife, Appellee Alyson Barnard, was granted a fourth priority for alimony and support in the amount of $750,000. Kuppin was to satisfy this debt by turning over funds from his 401(k) plan, proceeds from the sale of his residence, and by a transfer of ownership interests in certain life insurance policies. Kuppin was to satisfy the remainder of the debt by annual payments from his post-confirmation net income, which the plan projected to be $500,000 in 2002 and $525,000 in 2003. Appellant Internal Revenue Service had a fifth priority claim under the plan for past due income taxes in the amount of about $233,000.

As events developed, however, Kuppin's post-confirmation income was less than half the amount projected by the plan. In February 2004, Barnard filed a motion with the Bankruptcy Court entitled "Motion for Finding of Non-compliance with Plan and Motion to Dismiss." In this motion, Barnard, alleged that Kuppin had defaulted under the plan of reorganization by failing to sell the property he promised to sell in order to turnover the proceeds to Barnard. Barnard also alleged that Kuppin had failed to make required payments from his income. In April 2004, the Bankruptcy Court approved a settlement reached by Barnard and Kuppin over his alleged default. The settlement approved by the Bankruptcy Court amended the plan of reorganization so that Kuppin was required to pay Barnard $3,000 per month, regardless of fluctuations in his income, and required Kuppin to pay over to Barnard any income tax refund he received beginning with the 2003 tax year. It appears to be undisputed that the Bankruptcy Court did not give notice to the other creditors of the proposed amendment to Kuppin's plan.

Kuppin's 2003 income tax returns showed that he was due a refund of $73,833.00. Instead of paying the refund to Kuppin, the IRS used it to offset taxes Kuppin owed for 2001 and 2002. The IRS also used the 2003 return to offset Kuppin's 1996 tax liability, which was incurred pursuant to a joint tax return filed by Kuppin and his present wife, Gayle Kuppin.

In August 2004, Barnard filed a motion in the Bankruptcy Court for an order to compel the IRS to turn over to her Kuppin's 2003 tax refund. In her motion, Barnard argued that the IRS setoff violated the plan's discharge injunction. Barnard also argued that the setoff violated the terms of the amended plan of reorganization in that her claim to the refund had priority over the IRS's right to set off the refund against Kuppin's past due taxes.

The IRS opposed Barnard's motion on a number of grounds. The IRS argued that its right to offset Kuppin's past due taxes was not restricted by any provision of Chapter 11. The IRS also argued that the offset was not an act to collect, recover, or offset a discharged debt and, therefore, was not a violation of the plan's discharge injunction. The IRS further argued that regardless of its applicability, Barnard lacked standing to raise the discharge injunction to block its offset of Kuppin's taxes. The IRS contended that the relief sought by Barnard violated the Anti–Injunction Act, 26 U.S.C. § 7421(a). Finally, the IRS argued that the Bankruptcy Court lacked subject matter jurisdiction over Barnard's motion because the United States had not waived sovereign immunity for this type of cause of action. Rather, the IRS posited, Barnard appeared only to have a claim against the debtor, Kuppin. In addition, the IRS disputed the factual contention in Barnard's motion that Kuppin had already satisfied the IRS's claims.

The Bankruptcy Court held a hearing on Barnard's motion on October 28, 2004 primarily to address the issue of the court's subject matter jurisdiction.

The Bankruptcy Court issued a written decision granting relief to Barnard on December 15, 2004. The court agreed with the IRS that Barnard did not have standing to invoke the plan's discharge injunction. The court, nevertheless, concluded that the IRS's offset of Kuppin's back taxes with his 2003 tax refund was improper. In holding that the offset was improper, the court stated that Kuppin's 1996 tax liability was discharged by the confirmation of the Chapter 11 plan of reorganization. Once Kuppin's 1996 tax liability was discharged, the court reasoned, it changed from a joint and several liability between Kuppin and his current wife, Gayle Kuppin, to a several liability of Gayle Kuppin only. The court noted that, in order for a set off to be proper, "the debts must be in the same right and between the same parties, standing in the same capacity." Thus, the court concluded that, since the 1996 liability was Gayle Kuppin's only, and the 2003 tax refund was owed jointly to the debtor and Gayle Kuppin, the offset was improper because the parties were not in the same capacity.

On the jurisdictional issues, the Bankruptcy Court relied on *Gordon Sel–Way v. United States,* 270 F.3d 280 (6th Cir.2001), to conclude that it had subject matter jurisdiction on the grounds that Barnard's motion affected the debtor-creditor relationship and would impact consummation of the plan of reorganization, and because the plan reserved the court's jurisdiction to, *inter alia,* resolve controversies and disputes in connection with consummation, interpretation, or enforcement of the plan. The Bankruptcy Court also ruled that the Anti–Injunction Act did not apply. The court stated that the Anti–Injunction Act does not apply if there is a countervailing statutory provision in the Bankruptcy Code. One such countervailing provision, the court held, is 11 U.S.C. § 1142(b), which invests the bankruptcy courts with authority to perform any act necessary for consummation of the plan. The court then concluded that the Anti–Injunction Act did not apply because consummation of the plan required that the debtor's income tax refund be paid over to Barnard.

The bankruptcy court concluded that it could not grant Barnard the relief she sought in her motion, i.e., an order compelling the IRS to pay the debtor's tax refund directly to her, because §§ 542 and 543 of the Bankruptcy Code provide relief only to trustees. Nevertheless, pursuant to the power granted to bankruptcy courts under § 105 of the Code, which gives broad authority to enter orders necessary to carry out the provisions of Chapter 11, the Bankruptcy Court sua sponte ordered the IRS to pay the tax refund to the debtor and then ordered the debtor to distribute the refund as required by the plan.

On appeal, the IRS contests most aspects of the Bankruptcy Court's decision. In particular, however, the IRS argues that the court's rulings on subject matter jurisdiction, Barnard's standing, and the applicability of the Anti–Injunction Act were erroneous. On the merits, the IRS contends that the court's offset analysis was flawed and in particular argues that the court erred in concluding that the debtor's 1996 tax liability was discharged when the plan of reorganization was confirmed. This Court agrees with the IRS that the Anti–Injunction Act prohibits the Bankruptcy Court from blocking its offset of the debtor's income taxes. Accordingly, the judgment of the Bankruptcy Court will be reversed.

## II. *Standard of Review*

■ This Court is bound by the Bankruptcy Court's findings of fact unless they are clearly erroneous. *See In re Batie*, 995 F.2d 85, 88 (6th Cir.1993). The Court reviews the Bankruptcy Court's legal conclusions *de novo*. *See id.* "[I]f a question is a mixed question of law and fact, then we must break it down into the constituent parts and apply the appropriate standard of review for each part." *Id.* (citing *In re Brown*, 951 F.2d 564, 567 (3rd Cir.1991)).

■ This Court must give full deference to the bankruptcy court's interpretation of the debtor's plan of reorganization. *In re Terex Corp.*, 984 F.2d 170, 172 (6th Cir.1993); *In re Monclova Care Center, Inc.*, 59 Fed.Appx. 660, 662 (6th Cir.2003). Because the bankruptcy court's interpretation of the plan is entitled to full deference, it is reviewed by this Court under the clearly erroneous standard of review as well. *See In re Monclova Care Center*, 59 Fed.Appx. at 662. A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re H.J. Scheirich Co.*, 982 F.2d 945, 949 (6th Cir.1993).

## III. *Analysis*

■ The Anti–Injunction Act, 26 U.S.C. § 7421(a) states:

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of the Act is to permit the government to assess and collect taxes without judicial interference and to ensure that any dispute over the disputed funds in question be litigated in a suit for a refund. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). There is, however, an exception to enforcement of the Anti–Injunction Act. In *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984), the Court held that the Anti–Injunction Act does not bar a suit to enjoin the IRS if the aggrieved party has no alternative avenue to litigate its claims. *Id.* at 380–81, 104 S.Ct. 1107. In this case, Barnard does have an alternative avenue to litigate her claim to the refund. As the IRS points out, although Barnard cannot file a suit against the IRS to claim the refund herself because she was not the party who overpaid the tax, she can file a motion with the Bankruptcy Court to compel the debtor to comply with the plan and contest the IRS's offset of his tax refund. *E.g., In re Potts*, 188 B.R. 575 (Bankr.N.D.Ind.1995). Therefore, because Barnard does have an alternative avenue of relief, the Anti–Injunction Act forecloses the relief granted by the Bankruptcy Court.

■ Contrary to the Bankruptcy Court's statement, the Court further holds that the Bankruptcy Code is not a countervailing statutory provision which overrides the Anti–Injunction Act. The Sixth Circuit Court of Appeals has not explicitly addressed this question, but the weight of circuit court opinion is that Congress did not intend the Bankruptcy Code to be an exception to the application of the Anti–Injunction Act. *See In re American Bicycle Ass'n*, 895 F.2d 1277, 1279 (9th Cir. 1990); *Laughlin v. Internal Rev. Serv.*, 912 F.2d 197, 199 (8th Cir.1990); *In re Heritage Village Church & Missionary Fellowship, Inc.*, 851 F.2d 104, 105 (4th Cir.1988); *In re LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 394 (7th Cir.1987); *In re Becker's Motor Transp., Inc.*, 632 F.2d

242, 246 (3rd Cir.1980). Moreover, it appears that the majority opinion among the lower courts in this Circuit is that the Bankruptcy Code is not an exception to the Anti–Injunction Act. *See In re Petition of Ernst & Young,* 135 B.R. 521, 525–26 (S.D.Ohio 1991) *In re Buildwright Homes, Inc.,* 179 B.R. 865, 867 (Bankr.S.D.Ohio 1994); *In re Archambault,* 174 B.R. 923, 928 (Bankr.W.D.Mich.1994); *In re Davidson's of Pikeville, Inc.,* 142 B.R. 789, 791 (Bankr.E.D.Ky.1992); *In re Amtol Corp.,* 57 B.R. 724, 726 (Bankr.N.D.Ohio 1986); *In re Dore & Assoc. Contracting, Inc.,* 45 B.R. 758, 764 (Bankr.E.D.Mich.1985). As noted, the Sixth Circuit has not explicitly addressed the issue, however, it did hold in *In re Crowe & Assoc., Inc.,* 713 F.2d 211 (6th Cir.1983), that Congress did not intend *sub silento* for the automatic stay provisions of the Bankruptcy Reform Act to supercede the anti-injunction provisions of the Norris–LaGuardia Act, which prohibits courts from enjoining strikes arising out of labor disputes. *Id.* at 214. Given the weight of opinion, the absence of any expressed intent by Congress that it intended the Bankruptcy Code to supercede the Anti–Injunction Act, and the governmental interest in the unimpeded collection of tax revenue, this Court believes that the Sixth Circuit would follow the majority of opinion and hold that the Anti–Injunction Act does apply in this case. For all of those reasons, the Bankruptcy Court erred in concluding that the Anti–Injunction Act did not preclude it from granting relief to Barnard.

### Conclusion

For the reasons stated, the Anti–Injunction Act barred the Bankruptcy Court from sua sponte ordering the Internal Revenue Service to pay the income tax refund in question to the debtor. Accordingly, the judgment of the Bankruptcy Court is REVERSED. This matter is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**